UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION | : | |
|    Defendant. | : | October 9, 2003 |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STRIKE AN INADMISSIBLE EXHIBIT

The Plaintiffs in the above matter hereby object to the Defendant's Motion to Strike an Inadmissible Exhibit dated September 24, 2003. In this Motion, the defendant seek to strike Exhibit G, an employability and earning capacity report from James S. Cohen, Ph.D., from the plaintiff's Memorandum in Opposition to Summary Judgment. The report, the defendant argues, is outside evidence, i.e., evidence not considered by the fiduciary in determining the plaintiff's claim, and that good cause does not exist to admit it.

"The decision to admit additional evidence is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause." DeFelice v. American International Life Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997), 1997 U.S. App. LEXIS 7893, *12. Good cause exists to permit Dr. Cohen's report because it assists this Court in determining a complex medical issue, the permanency of the plaintiff's disability. Secondly, the methods by which the defendant reviewed the

plaintiff's disability claim demonstrate a conflict of interest in the administrative review body.

First, Dr. Cohen's report will assist this Court in determining whether his disability is permanent, a critical issue under the plan. The issue of the permanency of the plaintiff's disability is similar to Masella v. Blue Cross & Blue Shield, Inc., in which the plaintiff successfully brought in outside evidence on whether temporomandibular joint dysfunction (TMJ) was a medical or dental ailment. Masella, 936 F.2d 98, 104 (2d Cir. 1991). The determination of whether TMJ was medical or dental in nature was dispositive as to whether the disability was covered by the policy. In this case, whether the plaintiff's disability is permanent is also an important part of the plaintiff's burden of proof under the policy. Dr. Cohen's report is not intended to establish historical facts, but to assist the court in determining that, if the plaintiff is found to be disabled, such disability would be permanent.

Secondly, the methods by which the defendant reviewed the plaintiff's claim for disability benefits demonstrate a conflict of interest. The defendant both reviews and pays out claims to its insureds. Mrs. White, the plan administrator, and Dr. Beecher the doctor who reviewed the plaintiff's initial claim, are both employees of the defendant. The DeFelice court held that the Appeals Committee, in that case, which was made up entirely of the defendant's employees was not "a neutral decision-making body." DeFelice at *11.

The <u>DeFelice</u> Court also noted that the committee had no established criteria for determining an appeal and that it had a practice of destroying records within minutes after hearing an appeal. <u>Id.</u> While the plaintiff in this case does not have evidence of a conflict as egregious as that in <u>DeFelice</u>, the plaintiff has demonstrated enough facts to show the existence of a conflict.

The administrator, Mrs. White, had no medical background whatsoever and no experience with claims of Lyme disease. Yet she rejected the plaintiff's claim after receiving the plaintiff's letters and medical reports from Drs. Kopp and Kirschner, including a psychological evaluation, and she did so without sending them to the defendant's own medical experts, Dr. Beecher and Dr. McLaren, for review. A reasonable inference can be made that this inadequate review of the plaintiff's file, conducted by an employee of the same company that would have to pay Mr. Walker's claim if he were found eligible, demonstrates the existence of a conflict of interest. As such, under <u>DeFelice</u>, a "demonstrated conflict of interest in the administrative reviewing body is an example of 'good cause' warranting the introduction of additional evidence." <u>Id.</u> at *15.

Therefore, based on the foregoing reasons, the plaintiff respectfully requests that this Court sustain his Objection to Defendant's Motion to Strike.

                                  THE PLAINTIFF,
                                  EDWARD WALKER,

By: _____
Paul H.D. Stoughton
Fed. Bar. No. ct01513
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
Fax (860) 525-1191

## OBJECTION

The foregoing Objection having been heard it is hereby ordered:

SUSTAINED / OVERRULED

_____
Judge/Clerk

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 9th day of October, 2003 to all counsel of record.

Helen M. Kemp
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

Paul H.D. Stoughton