UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER<br>　　　Plaintiff, | : CIVIL ACTION NO. 3:01CV1331 (AVC)<br>:<br>: |
| v. | :<br>: |
| PROVIDENT COMPANIES, INC.,<br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>　　　Defendants. | :<br>:<br>:<br>:<br>: May 14, 2004 |

## PRETRIAL MEMORANDUM

1. **TRIAL COUNSEL:**

   | **Plaintiff** | **Defendant** |
   |---|---|
   | Paul H. D. Stoughton | Helen M. Kemp |
   | Conway & Stoughton, LLP | Robinson & Cole, LLP |
   | 201 Ann Street | 280 Trumbull Street |
   | Hartford, CT 06103 | Hartford, CT 06103 |
   | (860) 525-5529 | Tel: (860) 275-8200 |
   | (860) 525-1191 fax | Fax: (860) 275-8299 |

2. **JURISDICTION:** This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., and therefore the basis of federal jurisdiction is 29 U.S.C. §1132 (e)(f).

3. **JURY/NON-JURY:** This case is to be tried to the court.

4. **LENGTH OF TRIAL:** The parties note that although styled as a "court" trial, the court will be conducting an ERISA trial *de novo*. The length and duration of trial will depend upon the type of *de novo* bench trial this court deems appropriate in the present case. The parties assume that the court will find that the appropriate method of *de novo* review in this case is a bench trial on the record supplemented with witness testimony. See, e.g. *Locher v. Unum Life Insurance Company of America,* 2002 U.S. Dist. LEXIS

1

3745 (S.D.N.Y. March 7, 2002). If the parties are correct, and live testimony is permitted, the parties estimate that three to four trial days will be required.

5. **FURTHER PROCEEDINGS**: The parties anticipate that prior to trial the Court will need to resolve evidentiary issues concerning the admissibility of certain evidence (witness and documentary) outside the administrative record. The parties believe that many of these issues could be resolved prior to trial by way of motions in limine.

6. **NATURE OF CASE**:

   A. *Plaintiffs' Nature of the Case*

This is an action to enforce a claim for disability benefits under an employee welfare benefit plan sponsored by the plaintiff's employer, and issued by the defendant insurance company. Originally, the plaintiff's complaint was in two counts. The first count asserts a cause of action pursuant to ERISA §502(a)(1)(B) based upon a denial of disability benefits. The second count asserted a cause of action pursuant to ERISA §502(a)(3) for the defendant's alleged breach of fiduciary duties arising out of the handling of the plaintiff's claim for benefits. On March 25, 2004, however, this court granted the defendant's Motion for Summary Judgment with respect to the second count.

The factual basis as to the plaintiff's remaining claim is that in October 1999, the plaintiff became ill, experiencing symptoms such as extreme fatigue, inability to concentrate, and loss of memory. The plaintiff alleges that he was diagnosed with Lyme disease on or about January 2, 2000, and that as a result of the symptoms associated with Lyme disease, the plaintiff became totally disabled within the meaning of his disability insurance policy on or about December 1, 1999. Further, the plaintiff alleges that he submitted a claim for disability benefits on or about July 7, 2000, that the disability claim and supporting documentation showed that the plaintiff was disabled within the meaning of the policy, that he has complied with all conditions on his part to be performed in order to receive disability benefits, and that the defendant wrongfully has denied his application for disability benefits. The plaintiff seeks the payment of all benefits justly due to the plaintiff, an award of prejudgment interest from the date of denial of benefits, and an award of attorney's fees pursuant to ERISA §502(g).

   B. *Defendants' Nature of the Case*

Plaintiff was covered by an "own occupation" disability insurance policy issued by Provident under which he receives benefits if he cannot work at his own occupation.

2

The conditions for receipt of benefits requires plaintiff to be totally disabled which is defined under the policy as when due to injury or sickness, he cannot perform all the substantial and material duties of his occupation. Plaintiff has alleged that he was diagnosed with Lyme disease and as a result of the symptoms associated with that disease, could not perform the complex mental tasks associated with his position. On July 2, 2000, he submitted a claim for disability benefits under the Plan to Provident. Provident obtained information about plaintiff and his claim including medical records from his treating physician.

Provident had plaintiff's medical records and reports reviewed by its medical consultant, a board certified physician. After a review of the records, Provident's medical consultant disagreed with plaintiff's physician that plaintiff's symptoms were: (a) caused by Lyme disease and (2) so severe as to be disabling. Based upon the disability provisions of the Policy, plaintiff's job descriptions, the various medical reports and opinions, and other information contained in the file, Provident denied plaintiff's claim for benefits.

Although denying the claim, Provident invited Plaintiff to appeal the decision and to submit documentation as to his alleged cognitive impairments. Plaintiff's appeal was also denied because no data had been submitted to support plaintiff's alleged cognitive impairment. In March 2001, plaintiff did submit a report from a clinical psychologist which stated that Lyme disease impaired Plaintiff's cognitive function to the point that he was disabled. To verify this diagnosis, Provident asked for the "raw data" and "test scores" used by the doctor in his evaluation. The doctor refused to submit this information to Provident's clinical neuropsychologist.

Without the test results and "raw data" to review, Provident could not confirm the psychologist's findings and thus could not overturn its determination that Plaintiff was not disabled based upon the documentation it had to date. Provident's decision to deny benefits was correct as the information in the record indicates that Plaintiff was not totally disabled and was capable of performing the duties of his occupation throughout the time of his alleged disability.

7.  **TRIAL BY MAGISTRATE JUDGE**: An agreement authorizing Magistrate Judge Thomas P. Smith to preside at trial is appended to this trial memorandum.

3

8. **LIST OF WITNESSES**:

    a.    <u>Plaintiff</u>

    1.    Edward Walker
           620 Nortontown Road
           Guilford, CT 06437

(Four to six hours) It is expected that Mr. Walker will testify as to the details as to his Lyme Disease, the history of his treatment for Lyme Disease, and the effects of Lyme Disease on his ability to perform the material and substantial duties of his occupation. Mr. Walker also will testify as to his duties as president and co-owner of his employer, East River Energy, both before and after contracting Lyme Disease.

    2.    Jeffery Kopp, M.D.
           Prohealth Physicians, M.S.O., Inc.
           1591 Boston Post Road
           Guilford, CT 06437

(One to two hours) As Mr. Walker's treating physician, Dr. Kopp is expected to testify as to the positive diagnosis of Lyme Disease, and the effects of Lyme Disease on a person's ability to perform the material and substantial duties of his occupation.

    3.    Mark Kirschner, Ph.D.
           Behavioral Health Consultants, LLC
           3018 Dixwell Avenue
           Hamden, CT 06518

(one to two hours) Dr. Kirschner is expected to testify as to the neuro-psychological effects of Lyme Disease on Mr. Walker's ability to perform the material and substantial duties of his occupation. Specifically, Dr. Kirschner will testify as to the results of certain neuro-psychological tests administered to Mr. Walker.

    4.    James S. Cohen, Ph.D.
           8 Barbara's Way
           Ellington, CT 06029

(one to two hours) Dr. Cohen, a vocational rehabilitation specialist, is expected to testify as to the disabling nature of the plaintiff's illness and the resulting cognitive impairment as it relates to the plaintiff's ability to perform the material

and substantial duties of his occupation. Further, Dr. Cohen is expected to testify as to the types of jobs or job duties that a person in Mr. Walker's condition can perform.

5.  Donald Herzog
    East River Energy
    401 Soundview Road
    Guilford, CT 06437

(one to two hours) Mr. Herzog, who is Mr. Walker's partner and co-owner of East River Energy, Mr. Walker's employer, is expected to testify as to his observations concerning Mr. Walker's ability to perform the material and substantial duties of his occupation after contracting Lyme disease. Mr. Herzog also will testify concerning the functions Mr. Walker has been able to perform for the company since contracting Lyme disease, and how the reduction of Mr. Walker's responsibilities has affected Mr. Walker's compensation.

b.  <u>Defendants</u>

If the court decides that live witness testimony is appropriate in this case, Provident plans to call the following witnesses as part of its case-in-chief to provide the court a fuller review of plaintiff's claim for benefits and Provident's denial thereof. Provident also reserves the right to call all witnesses disclosed by plaintiff and additional witnesses as may be necessary for impeachment and/or rebuttal or to modify its witness list based upon the witnesses disclosed by plaintiff.

1.  Erin White
    Lead Care Customer Specialist
    UnumProvident Corporation
    1 Fountain Square
    Chattanooga, Tennessee

Ms. White is a claims representative for Provident. She will testify about her job duties and responsibilities as a claims representative. She will also testify about her handling of the plaintiff's claim for benefits, including the decision to deny benefits. She will describe the investigation she undertook and her bases for claim and benefit denial. Her testimony, excluding cross-examination, is anticipated to last approximately three to five hours.

2. William E. Parker
   Senior Appeals Consultant
   UnumProvident Corporation
   1 Fountain Square
   Chattanooga, Tennessee

Mr. Parker was the senior appeals consultant who reviewed plaintiff's appeal for benefits. He will testify about his job duties and responsibilities as an appeal consultant. He will testify about the appeal process, his review of the file and material submitted, and the bases for upholding the decision to deny benefits. His testimony, excluding cross-examination, is expected to last approximately one to two hours.

3. Dr. Nancy Beecher, M.D.
   UnumProvident Corporation
   1 Fountain Square
   Chattanooga, Tennessee

Dr. Beecher is Board certified in family practice and is, and was a medical consultant for Provident. Dr. Beecher reviewed plaintiff's claim for benefits and medical records in August 2000. She opined that while the plaintiff may have had headaches, dizziness and other symptoms, the records she reviewed indicate that this condition did not impose restrictions and/or limitation that would unable him from working and/or render him totally disabled from his all the substantial and material duties of his occupation.

Dr. Beecher's testimony will be based upon her education, training and experience, together with her review of the claim file maintained by Provident regarding the plaintiff, including but not limited to the medical information and reports submitted by the plaintiff's doctors prior to claim denial. Her testimony, excluding cross-examination, is expected to take approximately two to three hours.

4. Dr. Carl J. Boland, M.D.
   Cross County Neurology, P.C.
   1591 Boston Post Road
   Guilford, CT 06437

Dr. Boland is a neurologist who performed two neurologic evaluations on plaintiff at the request of his treating physician, Dr. Kopp. Provident intends to subpoena Dr. Boland to testify with regard to plaintiff's medical history, condition, treatment and

6

findings and results of his evaluations. His testimony, excluding cross-examination, is expected to take approximately two to three hours.

5.  Dr. Tom McLaren, PhD.
    UnumProvident Corporation
    1 Fountain Square
    Chattanooga, Tennessee

Dr. McLaren is a clinical neuropsychologist who is engaged by Provident as a medical consultant. Dr. McLaren has been disclosed as an expert in this matter. Dr. McLaren will provide testimony regarding the causes, diagnosis, prognosis, and treatment of plaintiff's alleged psychological and cognitive conditions, including, without limitation, cognitive capacity and depression. Dr. McLaren is expected to testify that the substance of his facts and opinions are based upon his review of documents and records provided by plaintiff (and through subpoena) and his knowledge, experience, education, and expertise in the field of neuropsychology. He will also testify as to the findings, results and conclusions of Dr. Kirschner based upon the plaintiff's psychological testing conducted in January 2001. Dr. McLaren will testify in accordance with his medical review dated January 6, 2003 which was previously disclosed and sent to plaintiff's attorney. His testimony, excluding cross-examination, is expected to take approximately three to four hours.

9.  **EXHIBITS**

    A.  Plaintiff's Proposed Trial Exhibits

See the defendant's exhibit list attached hereto at Tab A. The plaintiff plans to offer into evidence some, but not all, of the exhibits listed in the defendant's exhibit list attached hereto at Tab A. At this time, the only exhibits the plaintiff anticipates offering into evidence, that are not listed on the defendant's exhibit list are an Employability & Earning Capacity Report dated March 10, 2003, authored by James S. Cohen, Ph.D, and Dr. Cohen's deposition transcript, if Dr. Cohen is unavailable to testify. The plaintiff will file an appropriate Motion in Limine with regard to the inclusion of these documents as exhibits.

    B.  Defendants' Proposed Trial Exhibits

See the defendants' exhibit list attached hereto at Tab A. In addition to those documents which comprise the administrative record (Provident has marked those

7

documents with the letter "AR"), Provident has submitted documents it believes should have been included in the administrative record but were not due to the plaintiff's physicians' refusal and/or failure to submit these records to Provident. Provident also submits as exhibits documents that it believes will provide the court a fuller review of the case. Provident will file an appropriate Motion in Limine with regard to the inclusion of these documents as exhibits.

Provident reserves the right to enter into evidence any one or more of the documents identified by the plaintiff as exhibits in this joint trial memorandum. Provident also reserves the right to enter into evidence enlargements or of any portion of the exhibits (electronic or otherwise) identified by the plaintiff and/or Provident in this joint trial memorandum.

(10) **PARTIES' PROPOSED STIPULATION OF UNCONTROVERTED FACTS AND LAW**

The parties proposed stipulation of uncontroverted fact and law are attached as Tab B.

### A. PLAINTIFF'S PROPOSED FINDINGS OF FACT

Walker's proposed findings of fact are attached as Tab C.

### B. DEFENDANTS' PROPOSED FINDINGS OF FACT

Provident's proposed findings of fact are attached as Tab D.

### D. DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

Provident's proposed conclusions of law are attached as Tab E.

(11) **OTHER ISSUES - PROVIDENT**

### A. DEPOSITION TESTIMONY

Provident has listed certain depositions as proposed exhibits. If the court believes that live testimony is appropriate in this case (as opposed to written submissions), then Provident will not use the deposition transcripts unless the witness is unavailable to testify. The defendants anticipate at this time that these witnesses will be available to testify. The defendants reserve the right, however, to use any and all deposition transcripts for all purposes otherwise authorized by the Federal Rules of Evidence.

B.  **ANTICIPATED EVIDENTIARY PROBLEMS**

At this time, the defendant anticipates no evidentiary issues and problems but notes, although styled as a "court" trial the court will be conducting an ERISA trial *de novo*. Defendants reserve their right to object to witnesses and documents offered outside of the administrative record as to whether "good cause" exists to allow such testimony or submission. Additionally, and outside of the ERISA context, Provident reserves the right to object to any and all of the plaintiff's proposed exhibits which cannot be authenticated, and/or which were not properly disclosed during discovery. To the extent that Provident excludes the testimony of any proposed witness, it would object to any exhibit relating to that witness such as an expert report.

PLAINTIFF
EDWARD WALKER

By _____
Paul H. D. Stoughton
Fed. Bar No. ct01513
Conway & Stoughton, LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
(860) 525-1191
Email: pstoughton@conwaystoughton.com

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT
CORPORATION and,
PROVIDENT LIFE AND
ACCIDENT INSURANCE
COMPANY

By _____
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel No.: (860) 275-8200
Fax No. (860) 275-8299
Email: hkemp@rc.com

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT

District of _____

Edward Walker,

Plaintiff

V.

Provident Companies, Inc., et al

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: 3:01CV1331 (AVC)

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| Edward Walker | [signature] | 5-14-04 |
| Provident Companies, Provident Life & Acc. Insurance Co. and UnumProvident Corp. | Helen M. Kemp | May 14, 2004 |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____   _____
Date                          United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.