UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PROVIDENT COMPANIES, INC., : | |
| UNUMPROVIDENT CORPORATION and : | |
| PROVIDENT LIFE AND ACCIDENT : | |
| INSURANCE COMPANY : | |
|     Defendants. : | SEPTEMBER 12, 2005 |

**DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY
<u>RELATING TO THE ULTIMATE ISSUE</u>**

Defendants Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") submit this motion *in limine* for an order to preclude any medical or other testimony offered or sought by the plaintiff as to whether or not he is totally disabled as defined by the disability income insurance policy at issue in this cases. Expert or medical witness testimony is permitted only under certain prescribed circumstances, and may not provide any testimony as to the ultimate issues to be decided by a trier of fact. In support of its motion, Provident attaches a Memorandum of Law outlining its position.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY


By /s/ Helen M. Kemp
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No. (860) 275-8299
E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 12th day of September, 2005, to:

>Paul H.D. Stoughton, Esq.
>Conway & Stoughton, LLP
>201 Ann Street
>Hartford, CT  06103

And a courtesy copy was sent to:

>Hon. Alfred V. Covello
>U.S. District Court
>450 Main Street
>Hartford, CT  06103

*Helen M. Kemp*
Helen M. Kemp

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC., | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
|     Defendants. | : | SEPTEMBER 12, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
<u>GOING TO THE ULTIMATE ISSUE</u>**

Defendants Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") submit this memorandum of law in support of its motion *in limine* for an order to preclude any testimony offered or sought by the plaintiff as to whether or not he is totally disabled as defined by the disability income insurance policy at issue in this cases. Expert or medical witness testimony is permitted only under certain prescribed circumstances, and may not provide any testimony as to the ultimate issues to be decided by a trier of fact.

It appears that plaintiff intends to produce several witnesses who may attempt to testify that plaintiff is totally disabled *under the policy* due to injury. Whether or not plaintiff meets the policy's definitions of total disability due to injury is a conclusion that may be reached only by the trier of fact. Therefore, plaintiff should be precluded from offering or seeking any testimony on the issue of total disability as defined by the policy at issue in this case.

## I. ARGUMENT

Plaintiff has identified at least several physicians who will testify as witnesses as to plaintiff's medical condition and his treatment. These witnesses should not be permitted to render an opinion as to whether or not plaintiff is totally disabled *as defined by the policy*, as plaintiff's disability under the policy is an ultimate issue of fact in this case. Courts have consistently held that expert witnesses may not provide testimony as to the ultimate issue in the case. *See State v. Grenier*, 55 Conn. App. 630, 638, 739 A.2d 751, 759(1999)(holding that "[a]n expert witness [however] ordinarily may not express an opinion on an ultimate issue of fact, which must be decided by a trier of fact.").

In *United States v. Duncan*, 42 F.3d 97, 100 (2d Cir. 1994), the Second Circuit observed:

> When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for its own. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion.

Id. at 101 (citations omitted). *See also United States v. Schatzle*, 801 F.2d 252, 257 (2d Cir. 199)(affirming district court's ruling excluding expert witness testimony on ultimate issue of case, finding that "the jury was capable of assessing the reasonableness of [defendant's] conduct on its own", and that expert opinion on issue might confuse jury); *Jackson v. Harsch*, .No. 96-7749, 1997 WL 340328, at * 2(2d. Cir. June 20, 1997)(affirming district court's finding that plaintiff improperly attempted to use expert witness to testify to ultimate issue in case).

Further, none of the proffered medical witnesses are experts in insurance coverage and the interpretation of disability policies and should not be allowed to testify as such. In *Adalman v. Baker, Watts and Company*, 807 F.2d 359 (4th Cir. 1986), the defendant attempted to call an attorney to testify as an expert witness as to whether the disclosure of certain negotiations was legally required. Id. at 365. The court held that the witness could not give his expert opinion as to the meaning and applicability of the securities laws to the transactions at issue, citing *Marx and Company, Inc. v. Diners Club, Inc.*, 550 F.2d 505 (2d Cir. 1997). *Adalman* at 386. The Court, citing *Marx*, supra, observed:

> The basis of expert capacity, according to *Wigmore* (Section 555) may 'be summed up in the term experience.' But experience is hardly a qualification for construing a document for its legal effect when there is a knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law.

Id at 367. Provident agrees with this holding and notes that someone's medical knowledge is "hardly a qualification" for construing whether or not someone is totally disabled under a specific policy definition "when there is a knowledgeable gentleman in a robe" who is empowered to make that decision. Accordingly, any testimony of any of plaintiff's medical providers with regard to an opinion as to whether plaintiff is totally disabled in accordance with the policy is both unnecessary and inadmissible.

## II. CONCLUSION

For the above-mentioned reasons, the defendants respectfully request that while the plaintiff's medical witnesses may arguably testify about plaintiff's alleged restrictions and

3

limitations, that the Court preclude plaintiff's expert medical witness from testifying as whether the plaintiff is totally disabled as defined by the policy at issue in this case.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By /s/ Helen M. Kemp
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No. (860) 275-8299
E-mail: hkemp@rc.com

4

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 12th day of September, 2005, to:

>Paul H.D. Stoughton, Esq.
>Conway & Stoughton, LLP
>201 Ann Street
>Hartford, CT 06103

And a courtesy copy was sent to:

>Hon. Alfred V. Covello
>U.S. District Court
>450 Main Street
>Hartford, CT 06103

*Helen M. Kemp*
Helen M. Kemp