## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC., | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| Defendants. | : | SEPTEMBER 12, 2005 |

### DEFENDANTS' MOTION *IN LIMINE*
### TO EXCLUDE EVIDENCE OUTSIDE OF
### THE ADMINISTRATIVE RECORD

Defendants Provident Companies, Inc., the UnumProvident Corporation and the

Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") submit

this memorandum of law in support of its motion *in limine* for an order limiting the evidence

admissible in the plaintiff's ERISA claim to the administrative record and testimony from those

individuals who reviewed or had a direct connection with the review of plaintiff's claim.

Specifically, Provident seeks to preclude any attempt by the plaintiff to introduce

documentary evidence not related to the administrative record or testimonial evidence –

including any testimony by the plaintiff, his partner Donald Herzog or James S. Cohen, Ph.D, a

vocational rehabilitation specialist - other than the limited testimony of Provident personnel who

reviewed the claim and the physicians who examined Mr. Walker (and whose reports were made

part of the administrative record).

Provident moves in *limine* to completely exclude any testimony by plaintiff himself,

Donald Herzog, plaintiff's partner and co-owner of his business, as well as any testimony by

James S. Cohen, Ph.D, a vocational rehabilitation specialist, whose first and only examination of

Mr. Walker was in 2003 – two years *after* his claim for benefits was denied.  Provident asserts

that any testimony by these individuals fall well outside of the scope and parameters of the

administrative record and as such is precluded by ERISA.

As the court cannot consider any evidence that was not before the administrator at the

time the claims determination was made, Provident respectfully requests the Court to limit the

evidence in this case to the administrative record and the testimony from the Provident

employees who considered the claim and to exclude all other evidence.  In support of this

Motion, Provident attaches a memorandum of law herein.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY


By _____
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.  (860) 275-8299
E-mail:  hkemp@rc.com

2

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 12th

day of September, 2005, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT  06103

And a courtesy copy was sent to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT  06103

Helen M. Kemp
Helen M. Kemp

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC., | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| Defendants. | : | SEPTEMBER 12, 2005 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD

Defendants Provident Companies, Inc., the UnumProvident Corporation and the

Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") submit

this memorandum of law in support of its motion *in limine* for an order limiting the evidence

admissible in this case to the administrative record and testimony from those individuals who

reviewed or had a connection with the direct review of plaintiff's claim.

Specifically, Provident seeks to preclude any attempt by the plaintiff to introduce

documentary evidence not related to the administrative record or testimonial evidence –

including any testimony by the plaintiff, his partner Donald Herzog or James S. Cohen, Ph.D, a

vocational rehabilitation specialist - other than the limited testimony of Provident personnel who

reviewed the claim and the physicians who examined Mr. Walker (and whose reports were made

part of the administrative record). Additionally, Provident seeks to exclude plaintiff's proposed

Exhibits 41, 42 and 43 (plaintiff's 1997, 1998 and 1999 tax returns) as they are not part of the

administrative record.

## I.    BACKGROUND

Plaintiff was President and 50% owner of East River Oil Company.  He was covered by a disability insurance policy issued by Provident.  Plaintiff's employer provided this long-term disability insurance to eligible employees under a Plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (hereafter "ERISA").  Plaintiff was covered by an "own occupation" policy under which he receives benefits if he cannot work at his own occupation.  The conditions for receipt of benefits requires plaintiff to be totally disabled which is defined under the policy as when due to injury or sickness, he cannot perform all the substantial and material duties of his occupation.

Plaintiff has alleged that he was diagnosed with Lyme disease and as a result of the symptoms associated with that disease, could not perform the complex mental tasks associated with his position.  Plaintiff claimed to experience dizziness, fatigue, poor concentration and memory disturbance.  As a result of these symptoms, he alleged he became totally disabled in December 1999.  On July 2, 2000, he submitted a claim for disability benefits under the Plan to Provident.

Plaintiff submitted medical records from his treating physician, Dr. Jeffrey Kopp, as proof of his disability.  These records indicated that plaintiff had complained of lightheadedness and other symptoms since at least January 1996.  By November 1999, the situation had evolved to the point that plaintiff visited Dr. Kopp's office twice in November 1999 to complain about the "buzz" in head which lasted for seconds.  After this conversation, Dr. Kopp arranged for a

2

variety of tests including a carotid ultrasound, a Holter monitor cardiac stress test and CT scan of the head. All tests reported "normal" results.

The records indicate that in December 1999, Dr. Kopp referred Plaintiff to a neurologist Dr. Carl Boland, who stated that Plaintiff's mental status showed normal speech, language and cognition during the course of the interview and exam and that his memory seemed to be good for recent events. In January 2001, plaintiff tested positive for Lyme disease. As a result of this test, Dr. Kopp treated plaintiff with antibiotics and plaintiff's condition began to improve. By June 2000, he was " ...still not 100% ... but better." The records indicate that no restrictions or limitations had been placed upon plaintiff or that plaintiff had been advised by his treating physician to stop work or to work at a reduced level.

Provident had these records reviewed by a Board Certified physician, Dr. Nancy Beecher, who held that the objective data failed to substantiate the symptoms claimed by Plaintiff. After a review of the medical records, Dr. Beecher disagreed with Dr. Kopp that Walker's headaches, fatigue and dizziness were: (a) caused by Lyme disease and (2) so severe as to be disabling. Dr. Beecher concluded her opinion by stating that she could see no medical condition of sufficient severity to keep Walker from working at an administrative job

Pursuant to its discretion to determine eligibility for coverage, Provident reviewed Plaintiff's documentation and determined that Plaintiff was not entitled to benefits pursuant to the terms and conditions of the policy at issue. Although denying the claim, Provident invited Plaintiff to appeal its decision and submit documentation as to his alleged cognitive impairments. On or about October 13, 2000, Provident wrote Dr. Kopp and asked him to provide "supporting

documentation for the claimed cognitive impairments such as neuropsychological testing". Dr. Kopp did not do so.

Plaintiff obtained counsel to help him with the appeal of Provident's denial of benefits. Walker (through his attorney) appealed the denial of benefits decision to Provident. Provident reviewed the submitted materials and on January 9, 2001, Provident's appeal consultant wrote plaintiff's attorney a letter denying the appeal and stating that "[w]hile Dr. Kopp is of the opinion that the disease impairs Mr. Walker's cognitive function, at this point there is absolutely no testing data to support this suspicion." Provident informed plaintiff's attorney that if he had any other, yet unsubmitted, documents to submit to support his claims, that "the company remains willing to review that data."

In March 2001, plaintiff submitted a report from a clinical psychologist, Dr. Mark Kirschner. Dr. Kirschner provided a written report which stated that Lyme disease impaired Plaintiff's cognitive function to the point that he was disabled. However, Dr. Kirschner's opinion was at odds with Dr. Boland's report which had not found a disabling cognitive function.

To clarify some of these inconsistent findings and to fully evaluate Dr. Kirschner's report, Provident asked Plaintiff (on several occasions) to submit to it the "raw data" and "test scores" used by Dr. Kirschner in his evaluation. Provident made this request so that it could confirm Dr. Kirschner's results and findings. Dr. Kirschner refused to submit the raw data to Provident's clinical neuropsychologist. Without the test results and "raw data" to review, Provident could not confirm Dr. Kirschner's findings and thus could not overturn its determination that Plaintiff was not disabled pursuant to the terms and conditions of the Policy.

## II.     **APPLICABLE LEGAL STANDARD- *DE NOVO* REVIEW**

As shown by the background section, this case concerns a dispute over nonpayment of

disability benefits under a disability insurance policy purchased by Plaintiff's employer, East

River Oil Company, for its employees and administered by The Provident Life and Accident

Insurance Company ("Provident"), a disability insurer that subsequently became a subsidiary of

UnumProvident Corporation ("Unum"). Plaintiff's employer provided this group long-term

disability insurance to eligible employees under a plan subject to, and regulated by, the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (hereafter

"ERISA"). (See Complaint, Count One, ¶¶ 3-5).

As such, Walker's action for wrongful denial of disability benefits is a claim under

Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B). When evaluating a challenge to

denial of benefits under an ERISA plan, a court must first determine whether the Plan confers

discretionary authority on the Plan's Administrator. "[A] denial of benefits challenged under §

1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the

administrator or fiduciary discretionary authority to determine eligibility for benefits or to

construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115

(1989).

Provident concedes that the Second Circuit's ruling in *Kinstler v. First Reliance*,

establishes that Provident's standard disability policy, which is at issue in this case, does not

confer upon Provident the necessary discretionary authority. *Kinstler v. First Reliance Standard

Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999). Because Provident does not claim that the

arbitrary and capricious standard of review applies, the court should review Provident's denial of Walker's benefits *de novo*.

Under the *de novo* standard of review, the court does not give deference to the administrator's decision, but instead reviews the evidence to determine if the claimant was entitled to benefits under the terms of the policy. *Juliano v. The Health Maintenance Organization of New Jersey*, 221 F.3d 279(2d. Cir. 2000). The question before the court on a *de novo* review is whether the plaintiff has "carried his burden" to show that he is entitled to benefits under the terms of the policy. *Id*.; see also *Kearney v. Standard Insurance Co.,* 175 F. 3d 1084, 1090 (9th Cir.). The burden of establishing disability, as that phrase is defined by the policy, rests with the claimant. See *Barnable v. First Fortis Life Ins. Co*., 44 F. Supp. 2d 196, 204 (E.D.N.Y. 1999).

## III.  **ARGUMENT**

Provident moves in *limine* to completely exclude any testimony by plaintiff himself, Donald Herzog, plaintiff's partner and co-owner of his business, as well as any testimony by James S. Cohen, Ph.D[1]., a vocational rehabilitation specialist, whose first and only examination

---

[1] Provident also objects to the testimony of Dr. Cohen on other grounds. The Policy at issued in this case defines "Total Disability" as that "due to Injuries or Sickness"

1.      you are not able to perform the substantial and material duties of his occupation; and

2.      you are receiving care by a Physician which is appropriate for the condition causing the disability.

The Policy, p. 4. The issue before the court is whether, *at the time of claim determination*, plaintiff carried his burden to show he was unable to perform all of the substantial and material duties of his occupation. Dr. Cohen performed his examination two years after Walker's appeal was denied; his evaluation was not only not submitted to Provident to be included as part of their administrative review but it did not occur contemporaneously at the

6

of Mr. Walker was in March 2003 – two years *after* his claim for benefits was denied.  Provident

asserts that any testimony by these individuals fall well outside of the scope and parameters of

the administrative record and as such is precluded by ERISA.

A *de novo* review, as with the arbitrary and capricious standard, is generally based upon

the administrative record.  See *Hotaling v. Teachers Insurance and Annuity Association of*

*America*, 62 F. Supp. 2d 731, 737 (N.D.N.Y. 1999); *Moore v. INA Life Insurance Company of*

*New York*, 66 F. Supp. 2d 378, 384 (E.D.N.Y. 1999).  Judicial review of a plan administrator's

determination under either standard is confined to the administrative record unless, as discussed

below, "good cause" justifies expanding the record. *Connors v. Conn. Gen. Life Ins. Co.*, 272

F.3d 127, 134-35 (2d Cir. 2001); see also *Kaus-Rogers v. Unum Life Ins. Co. of America*, 2004

U.S. Dist. LEXIS 9797 at * 14 (W.D.N.Y. Apr. 4, 2004) (on *de novo* review excluding additional

evidence relating to the plaintiff's job responsibilities and medical condition).

Provident asserts that testimony and evidence such as the plaintiff's anticipated detailed

testimony about his medical condition(s) and daily activities (ostensibly from 1999 to the

present) and a vocational report from plaintiff's vocational rehabilitation expert (none of which

---

time plaintiff's benefit determination was being made. Additionally, the issue at bar is not whether plaintiff can perform other duties in the economy, but rather, at the time of claim submission, if he was able to perform the material and substantial duties of his occupation. Therefore, any testimony proffered by Dr. Cohen "with regard to the types of jobs or job duties that a person in plaintiff's [alleged] condition can perform" is not relevant to the issue in this case. Lastly, Dr. Cohen's testimony was obtained after litigation commenced to bolster's plaintiff's legal position; therefore it should not be proffered as evidence. In the Second Circuit ERISA case of *Zervos v. Verizon New York, Inc., et al.* the plan administrator, Empire, had additional experts review Zervos' claim for approval of experimental medical treatment and issue medical reports **after** litigation had commenced.  The Second Circuit expressly declined to admit the experts' evidence in this case on the basis that "the additional information that Empire obtained after Zervos filed his lawsuit appears to be aimed at bolstering its legal position." Id.

is contained in the administrative record) constitutes evidence that was not before Provident at the time the decision was made, and thus, is inadmissible in an ERISA bench trial.

Similarly, any documents and/or testimony from plaintiff's business partner, Donald Herzog, or any East River Oil employee about the plaintiff's daily activities or disability claim that was not submitted as part of the administrative record before Provident are also immaterial to the trial court's question of whether plaintiff "carried his burden" and that Provident's decision was reasonable in *light of the information before it at the time it made its determination.* Accordingly, testimony and exhibits proffered by these witnesses should be excluded.

Provident acknowledges that sometimes, under certain specific circumstances, witness testimony is proper in an ERISA trial. However, the circumstances under which such testimony is allowed is limited and usually related to the decision making process. For example, reviewing courts who have allowed evidence outside of the administrative record, consider the documents in the claim file as well as evidence regarding the claim process itself, such as the procedures followed by the claims examiners, the factors they considered, and the conclusions they reached. In *Miller v. United Welfare Fund*, the Second Circuit relied upon excerpts from the deposition of the plan's administrator regarding the claim process, as well as its review of the claim file, in reaching its determination that the decision to deny was arbitrary and capricious. *Miller*, 72 F.3d at 1072; *see also Pulvers v. First Unum Life Insurance Company,* 210 F.3d 89 (2d Cir. 2000) (referring to deposition testimony of "senior risk specialist" regarding administrator's application of plan provision); *Turay v. Aetna U.S. Healthcare*, 160 F. Supp. 2d 557 (S.D.N.Y. 2001) (considered deposition testimony of Aetna employee who reviewed appeal).

While *Miller* was decided under the arbitrary and capricious standard, generally, even under the *de novo* standard of review, the evidence before the court is generally limited to the administrative record unless the court believes the additional evidence is necessary to conduct *de novo* review. *See Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 646 (2d Cir. 2002) ("Even where the district court exercises *de novo* review of the plan administrator's determination, the district court 'ought not' to accept additional evidence absent 'good cause.'" (quoting *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 66 (2d Cir. 1997)); *see also, Krizek v. Cigna Group Insurance*, 345 F.3d 91, 98 (2d Cir. 2003); *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 134-35 (2d Cir. 2001) (same; courts did not accept additional evidence).

Plaintiff may argue that such testimony is necessary for his case in chief and indeed, such testimony might be admissible in a personal injury action or workers compensation case. However, this case is governed by ERISA and even seemingly relevant testimony has been excluded when such testimony and evidence were not part of the administrative record. *See Critchlow v. First Unum Life Ins. Co. of Am.*, 340 F.3d 130, 133 n.2 (2d Cir. 2003) aff'g 198 F. Supp. 2d 318, 322 (W.D.N.Y. 2002) (refusing to admit affidavits not in administrative record because plaintiff "offered no good reason why she could not have submitted these or similar expert opinions to UNUM before UNUM rendered its decision"); *Muller v. First Unum Life Ins. Co.*, 166 F. Supp.2d 706, 711 (N.D.N.Y. 2001) (excluding evidence where additional statements including a social security determination which plaintiff sought to introduce were written to plaintiff's attorneys from two months to almost four and a half years *after* defendant closed its file, and plaintiff failed to articulate why those statements could not have been presented while his claim was pending). As in *Critchlow,* there is no reason why in this case, plaintiff could not

9

have underwent an evaluation by Dr. Cohen during the time his claim for benefits was being

evaluated by Provident. Equally there is no reason or justification that plaintiff's partner, Donald

Herzog, could not have written a letter or submitted an Affidavit to Provident lending his support

(and observations) to Provident for inclusion in its investigation.

The Ninth Circuit case of *Kearney v. Standard Ins. Co.*, 175 F. 3d 1084, 1094-95 (9th Cir.

1999) is analogous to the circumstances in the present case and thus Provident believes that the

trial procedure should be that which is described in *Kearney. Kearney* dealt with a reversal of a

summary judgment and remand to the district court to conduct a trial under the *de novo* standard

of review. The court explained the uniqueness of the anticipated trial under ERISA:

> Because the summary judgment is reversed because of a genuine issue of
> fact, the genuine issue of fact must be resolved by trial. But there is a
> complexity, because this is an ERISA case. If the trial starts from scratch,
> and any evidence is admissible whether it was furnished to the
> administrator or not, then the effect of a genuine issue of fact is to change
> the question. Instead of de novo review testing whether the individual was
> entitled to benefits based on the evidence before the administrator and such
> other evidence as might be admissible under the restrictive rule of
> *Mongeluzo*, "review" would be converted into a trial de novo based on
> evidence entirely unrestricted by what had been presented to the
> administrator.
>     ....
> Trial *de novo* on new evidence would be inconsistent with reviewing the
> administrator's decision about whether to grant the benefit. The means that
> suggests itself for accomplishing trial of disputed facts, while preserving
> the value of the fiduciary review procedure, keeping costs and premiums
> down, and minimizing diversion of benefit money to litigation expense, is
> trial on the administrative record, in cases where the trial court does not
> find it necessary under *Mongeluzo* to consider additional evidence.
>
> Although Rule 43(a) requires that "testimony" be taken in open court, the
> record should be regarded as being in the nature of exhibits, in the nature of
> documents, which are routinely a basis for findings of fact even though no
> one reads them out loud. We have affirmed bench trials on records in other
> cases. *See Adair v. Sunwest Bank (In re Adair)*, 965 F. 2d 777, 779 (9th Cir.
> 1992).

*Kearney*, 175 F. 3d at 1094.  Provident submits that admission of the testimony of plaintiff, Herzog, and Dr. Cohen, which will provide "new" evidence <u>not</u> before the administrator at the time of the benefit decision and which, will be "inconsistent with reviewing the administrator's decision about whether to grant the benefit." As in *Muller* which denied the inclusion of such evidence, Provident notes that the testimony being proffered by these witnesses is being proffered for the first time four to five years *after* the claims determination process concluded – this is not the case of relevant evidence being excluded because a claimant missed a deadline by a few days – this is a matter of years.

Provident believes that the case of *Hill v. Southern New England Telephone Disability Benefits Plan*, 2005 U.S. Dist. LEXIS 3033 (Feb. 24, 2005) (D. Conn) is analogous to the present case.  In *Hill*, the claims fiduciary concluded that Hill's application was deficient insofar as there were insufficient clinical findings to support her inability to work during the relevant time period.  In objecting to a motion for summary judgment, Hill contended that the defendant had an obligation to review its claim decision in light of information which became available at a later date.  The court found there was no merit to this contention and granted summary judgment for the defendant. *See also Maskara v. First Unum Life Ins. Co.*, 2004 U.S. Dist. LEXIS 13002 (S.D.N.Y. 2004)(court held that all materials originating after the date of the administrator's final decision can not be made part of the administrative record because such a result would allow a plaintiff to single-handedly keep the record open indefinitely, requiring the administrator to respond to new submissions.  Despite the fact that later materials might shed light on the defendant's decision to deny the plaintiff's disability claim, the court must balance finality in favor of completeness).

11

In this case, Provident acknowledges that the court may want to hear <u>limited</u> testimony from the claims consultant regarding the claims process and why certain records and information were deemed important to the decision making process. The court may also wish to hear <u>limited</u> testimony from the doctors whose reports and opinions are an integral part of the administrative record to understand the terminology being used and the tests that were conducted during the relevant time period.  For example, Provident was unable to overturn its decision to deny benefits to plaintiff on his appeal because one of plaintiff's physicians, Dr. Kirschner, refused to provide Provident requested medical information.  The Court may wish to hear from Provident why such records and information was necessary to claim determination and may also wish to hear from Dr. Kirschner as to why he refused to submit the requested information. Provident notes that testimony from these individuals would be proffered to provide the court a "fuller" review and understanding of the administrative record and not to submit "new" evidence.

Testimony from plaintiff's business partner Donald Herzog regarding plaintiff's functions that he has "been able to perform for the company since contracting Lyme disease and how the reduction of Mr. Walker's responsibilities has affected Mr. Walker's compensation" was <u>not</u> proffered to Provident while the claim decision was being made.   There are no letters to Provident from Donald Herzog in support of plaintiff's claim for benefits or any Affidavits concerning Mr. Walker's curtailed work activities or reduced hours contained in the administrative record, nor was any such information proffered during the claim decision process.

Plaintiff was evaluated by James S. Cohen, Ph.D., a vocational rehabilitation expert on or about March 10, 2003, approximately two years *after* Walker's appeal was denied.  Cohen's report is not explanatory information but rather *new* information – something that was not before

the fiduciary at the time the decision was made and unlike the psychologist testing performed by Dr. Kirschner, was not based upon the mental processes of the plaintiff *at the time of* his claim for benefits. Accordingly, as Cohen's report is not contemporaneous to the relevant time frame and it does nothing to provide a fuller review with regard to the issues in front of the fiduciary at the time of the claim, there is not "good cause" to have it admitted as part of the administrative record.

Information from Mr. Herzog and Dr. Cohen were never proffered to Provident during its decision making process; indeed, the information was only obtained well after litigation was underway. In ERISA *de novo* trials, courts have routinely excluded evidence proffered simply because a party wishes to add new information that should have been, but for some reason was not, submitted while the claim was pending. See *Zervos*, 277 F.3d at 647; see also *Critchlow*, 198 F. Supp. 2d at 322 (refusing to consider additional evidence because plaintiff only obtained it after she decided to challenge defendant's decision in court); *Muller*, 166 F. Supp. 2d at 711 (refusing to admit evidence where plaintiff failed to articulate why it could not have been presented while his claim was pending); *Short v. Unum Life Ins. Co. of America,* 2003 U.S. Dist. LEXIS 22327 at * 21 (D. Conn. Dec. 3, 2003) (because medical literature regarding fibromyalgia was not in the claim record, plaintiff could not rely on it as evidence that the claim decision was arbitrary and capricious); *Scannell v. Metropolitan Life Insurance Co,*2003 U.S. Dist. LEXIS 20749 at * 21 n. 62 (S.D. N.Y. 2003)(plaintiff's "revised" job description and supplemental medical information not produced during the claim process was not admissible as evidence).

Although the plaintiff may disagree with the conclusion rendered by defendant's "Background" section of this Memorandum of Law, he cannot disagree with the fact that the names of Donald Herzog and James Cohen are absent from the recitation. Additionally, plaintiff cannot disagree with the fact that after initial benefit denial, or indeed at any time during the claim was being investigated or reviewed, he *himself* (or through his attorney) never wrote a letter to Provident to explain his limitations, his occupational duties, or telling Provident in detail how his alleged impairments affected his work, his income, his life and his activities of daily activities. As such, allowing his testimony is not simply giving him a "second bite of the apple" but rather, as he never submitted any of this detailed information to begin with, it would be as if the court gave him apples and then made him an apple pie.

According, the testimony of plaintiff, Donald Herzog and James Cohen should be excluded as also any documentary evidence not part of the administrative record in front of the administrator at the time the decision was made.

14

IV.   **CONCLUSION**

As the court cannot consider any evidence that was not before the administrator at the

time the claims determination was made, Provident respectfully requests the Court to limit the

evidence on the ERISA count to the administrative record and the testimony from the Provident

employees who considered the claim and to exclude all other documentary evidence proffered by

plaintiff that was not part of the administrative record.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By _Helen M. Kemp_

Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.  (860) 275-8299
E-mail:  hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 12th

day of September, 2005, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT  06103

And a courtesy copy to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT  06103

Helen M. Kemp

16