UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PROVIDENT COMPANIES, INC., : | |
| UNUMPROVIDENT CORPORATION and : | |
| PROVIDENT LIFE AND ACCIDENT : | |
| INSURANCE COMPANY : | |
| Defendants. : | September 23, 2005 |

**OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY GOING TO THE ULTIMATE ISSUE**

The plaintiff, Edward Walker, hereby objects to the defendants' Motion in Limine to Preclude Testimony Going to the Ultimate Issue dated September 12, 2005. The defendants seek to preclude any testimony by plaintiff's experts on whether the plaintiff is totally disabled as defined by the disability income insurance policy at issue in this case. In support of this objection, Walker argues that Federal Rule of Evidence 704(a) allows plaintiff to offer such expert testimony.

Federal Rule of Evidence 704(a) allows expert testimony that embraces the ultimate issue. Rule 704(a) states:

> Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces the ultimate issue to be decided by the trier of fact.

Subsection (b) precludes experts from testifying upon the mental state or condition of a defendant in a criminal case. This lawsuit, of course, is not a criminal matter. Therefore, should Walker choose to offer expert testimony on whether he is totally disabled as defined by disability insurance policy, he may do so under Rule 704.

The defendants state that "[c]ourts have consistently held that expert witnesses may not provide testimony as to the ultimate issue in the case." See Defendant's Motion at 2. In support of this statement, the defendants cite to a Connecticut state court case – State v. Grenier, 55 Conn.App. 630 (1999). As Grenier applies state law rather than the Federal Rules, it is neither controlling nor persuasive in this matter. Incidentally, the defendants' statement of Connecticut law is incomplete. "Experts can sometimes give an opinion on an ultimate issue where the trier, in order to make intelligent findings, needs expert assistance on the precise question on which it must pass." State v. Johnson, 140 Conn. 560, 563, (1954); Geraty v. Kaufman, 115 Conn. 563, 572, (1932). Nevertheless, as stated above, Federal Rule 704 applies to this case and allows experts to express an opinion on an ultimate issue.

The defendants also cite to United States v. Duncan and United States v. Schazle in their Motion. These cases actually lend support to Walker's objection. Should Walker's experts offer opinions as to Walker's disability under the insurance policy, they would be merely positing factual conclusions which are not

prohibited even if "they embrace an ultimate issue to be decided by the jury." United States v. Duncan, 42 F.3d 97, 103 (2d Cir. 1994), quoting United States v. Bilzerian, 926 F.2d 1285 (2d Cir.) cert. denied, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991); see also Fed.R.Evid. 704(a). Courts have found the distinction between factual conclusions and legal conclusions to be an important one in the context of expert opinion. "[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." Bilzerian, 926 F.2d at 1294. The advisory committee's note relating to Rule 704 illustrates this distinction with an example:

> [T]he question, "Did T have the capacity to make a will?" would be excluded [because the answer would merely tell the jury what result to reach], while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed. See Duncan at 103.

The defendants argue that "someone's medical knowledge is 'hardly a qualification' for construing whether or not someone is totally disabled under a specific policy definition 'when there is a knowledgeable gentleman in a robe' who is empowered to make that decision." Defendant's Motion at 3. In support of this argument, the defendants quote, in part, Marx and Company, Inc. v. Diners Club, Inc., 550 F.2d 505, 512 (2d Cir. 1977). The defendants provide a portion of the Marx quote on page 3 of its brief. However, the following sentence from Marx is left out: "The danger is that the jury may think that the 'expert' in the particular

branch of the law knows more than the judge – surely an inadmissible inference in our system of law." Id.  That danger is not present in this case, as it will be tried to the Court.

Walker does not intend to offer medical expert opinion as to how the law applies to the insurance policy's definition of total disability.  Based on the Rule 704 advisory committee note quoted above, Walker concedes that his medical experts could not simply conclude that Walker met the insurance policy's qualifications for total disability.  These experts also will not testify about the legal obligations arising under the insurance policy, such as the defendants' obligation to pay Walker's claim.  However, the medical experts may testify, for example, that because of his Lyme disease, Walker could not perform the substantial and material duties of his occupation.  By doing so, the medical experts simply are offering their factual opinions and conclusions regarding the limitations imposed by Walker's illness.  These opinions do not intrude upon the judge's or jury's province. The medical experts' testimony will not dictate to the Court how it should render its decision or undermine the judge's role in applying the facts to the law. Therefore, Walker's medical experts should be permitted to testify as to whether they believe Walker's illness interferes with his performance of the material duties of his occupation, even if these opinions suggest that Walker meets the policy definition of total disability.

Based on the foregoing, Walker respectfully requests that it sustain this Objection to the defendant's Motion in Limine to Preclude Expert Testimony Going to the Ultimate Issue dated September 12, 2005.

PLAINTIFF,
EDWARD WALKER,

By: _____
Paul H.D. Stoughton
Fed. Bar. No. ct01513
Conway & Stoughton LLP
201 Ann Street
Hartford, CT 06103
(860) 525-5529
Fax (860) 525-1191

**CERTIFICATION**

      This is to certify that a copy of the above has been mailed, postage prepaid, to the following counsel of record this 23rd day of September, 2005:

Helen M. Kemp
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

                                                       Paul H.D. Stoughton