UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC. and | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | SEPTEMBER 23, 2005 |

**PLAINTIFF'S MOTION IN LIMINE TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

I.   **INTRODUCTION**

This case concerns a dispute over non-payment of disability benefits under a disability insurance policy purchased by the plaintiff's employer, East River Oil Company, for its employees and administered by the Provident Life and Accident Insurance Company ("Provident"), a disability insurer that subsequently became a subsidiary of UnumProvident Corporation ("Unum"). Plaintiff's employer provided this group long term disability insurance to eligible employees under a plan subject to, and regulated by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA").

In the plaintiff's complaint, he asserts a violation of ERISA on the basis that Provident wrongfully denied his application for disability benefits under the plan. The plaintiff alleges that there was ample evidence upon which to conclude that the plaintiff was disabled under the terms of the Plan. Plaintiff has alleged in this case that Provident's decision to deny the plaintiff's disability benefits, based on a single, cursory review of the file by Provident's on staff, general practice physician, Dr. Beecher, and its subsequent rejection of all medical evidence submitted in support of the claim, without any further input from Provident's on staff physicians, constitutes an egregious breach of fiduciary duty. Further, the plaintiff submits that this conduct was motivated by a clear conflict of interest, and was part of a pattern of unreasonable claims handling procedures exhibited by the defendant.

The plaintiff anticipates Provident will argue that its claims handling procedures were reasonable in this case. The plaintiff wishes to rebut this claim with evidence outside the administrative record that bears directly on Provident's disability claims handling practices. Specifically, the plaintiff intends to introduce the terms of a Regulatory Settlement Agreement between the defendant, its parent company and its affiliated companies and a multi-state coalition of Insurance Regulators as well as the United States Department of Labor, which resulted from a multi-state targeted market conduct examination of the defendant's alleged systematic unfair claims settlement

practices.[1] Among other things, the Regulatory Settlement Agreement provides that the defendant must offer a claim reassessment to all policy holders whose disability claims were denied during the relevant period. The plaintiff offers to further supplement the administrative record with a letter from the defendants to him offering a chance to participate in the mandated claims reassessment process.

## II.    LEGAL ARGUMENT

The plaintiff agrees with the defendant's position as set forth in its own Motion in Limine to supplement the administrative record, that it is not impermissible for the court to consider relevant evidence outside of the administrative record if the evidence can assist the court in determining how the fiduciary reached its decision. The parties agree that the *de novo* standard of review applies in this case. A *de novo* review generally is based upon the administrative record. Moore v. INA Life Insurance Company of New York, 66 F.Supp.2d 378, 384 (E.D.N.Y. 1999). Although judicial review of a plan administrator's decision generally is confined to the administrative record, the court can consider evidence outside the administrative record if there is good cause for expanding the record. Connors v. Conn. Gen. Life Insurance Company, 272 F.3d 127, 134 (2.d Cir. 2001).

---

[1] Allegations of unfair claims settlement practices against the defendants are well publicized. It was the subject of an expose on the television show *60 Minutes* in 2003, which featured such familiar tactics as ordering video surveillance on a claimant, but neglecting to speak to his treating physician. The plaintiff offers to further supplement the administrative record with a tape of the *60 Minutes* piece, if the Court would find that instructive.

Under the *de novo* standard of review, the court does not give deference to the administrator's decision, but reviews the evidence to determine if the claimant was entitled to benefits under the plan in question. Juliano v. The Health Maintenance Organization of New Jersey, 221 F.3d 279 (2d Cir. 2000). In reviewing the fiduciary's decision, the district court determines whether the administrator considered all of the relevant factors. Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2.d Cir. 1995).

In cases where, as here, the administrator operates under a potential conflict of interest, the district court may also consider evidence outside of the administrative record to determine whether the administrator's interpretation of the plan was legally correct. Wildbur v. Arco Chemical Company, 974 F.2d 631 (5th Cir. 1992). In doing so, the court must consider whether the administrator has given the plan a uniform construction. Id. at 638. This analysis "may require a court to evaluate evidence of benefit determinations other than the one under scrutiny." Id. This exception to the rule limiting the evidence in an ERISA case to the administrative record has been held to apply to evidence that "relates to how an administrator has interpreted terms of the plan in other instances." Estate of Bratton v. National Union Fire Insurance Company, 215 F.3d 516, 521 (5th Cir. 2000); Gooden Sr. v. Provident Life & Accident Insurance Co., 250 F.3d 329 (5th Cir. 2002); Lain v. Unum Life Ins., No. 00-20889 (5th Cir. 2002)(attached).

Lain v. Unum Life Ins., Supra, is particularly relevant. In Lain, the district court considered evidence of how the defendant Unum had interpreted its policy definition of

4

"disability" in other cases.  In denying Lain's disability benefits appeal, the Unum claims analyst interpreted the policy's phrase "cannot perform each of the material duties of [her] regular occupation" as requiring the claimant to be unable to perform all of her material duties before the definition of disability could be met.  Rejecting this argument, the court noted that Unum's previous interpretations of similar policy provisions in other cases had required that the claimant only be unable to perform a single material duty of the regular occupation.  Interestingly, in denying Walker's claim the defendant in this case has relied upon the same "all or nothing" interpretation of a very similar policy definition of disability.

The proffered evidence outside the administrative record bears directly on the defendant's claims handling practices in other instances.  This evidence is relevant because the plaintiff has alleged the defendant's conduct in denying his claim was unreasonable and part of a pattern of unreasonableness, and the defendant has denied this assertion.  Further, the plaintiff maintains that the defendant's decision was motivated by self-interest as it is both the plan administrator and the insurer.  Under these circumstances, the proffered evidence concerning the defendant's claim settlement practices in other instances must be admitted (See <u>Gooden Sr. v. Provident Life & Accident Insurance Co.</u>, supra, and <u>Wildbur v. Arco Chemical Company,</u> supra).

### III.  CONCLUSION

For the reasons set forth above, the plaintiff respectfully requests permission to supplement the administrative record by the admission of the Regulatory Settlement Agreement and the letter from UnumProvident to Edward Walker offering participation in the claims reassessment process.

                                        PLAINTIFF
                                        EDWARD WALKER


                            BY _____
                                        Paul H.D. Stoughton
                                        Conway & Stoughton, LLP
                                        201 Ann Street
                                        Hartford, CT 06103
                                        (860) 525-5529
                                        (860) 525-1191
                                        Fed. Bar No. CT01513

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed on this 23rd day of September 2005, postage prepaid, to counsel of record, specifically:

Helen M. Kemp, Esq.
Robinson & Cole LLP
One Commercial Plaza
Hartford, CT 06103

Alfred V. Covello
US District Court
450 Main Street
Hartford, CT 06103

                                                  Paul H.D. Stoughton