UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1331 (AVC) |
| v. | : | |
| PROVIDENT COMPANIES, INC. and UNUMPROVIDENT CORPORATION and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | : | SEPTEMBER 23, 2005 |

**OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCEOUTSIDE OF THE ADMINISTRATIVE RECORD AND MOTION IN LIMINE TO SUPPLEMENT ADMINISTRATIVE RECORD**

The plaintiff, Edward Walker, hereby objects to the defendants' Motion in Limine to Exclude Evidence Outside the Administrative Record dated September 12, 2005. The defendants seek to preclude any attempt by Walker to introduce documentary and/or testimonial evidence not related to the administrative record, specifically testimony by Walker, his partner Donald Herzog or Dr. James Cohen.

Walker objects to the defendants' motion, and further moves this Court to allow documentary evidence and testimony by Walker, Herzog and Dr. Cohen. Good cause exists to permit Walker and Herzog to testify at trial. Cohen's testimony is only necessary if the defendants argue that Walker's health has improved since applying for benefits.

**I.      Introduction**

This case concerns a dispute over non-payment of disability benefits under a disability insurance policy purchased by the plaintiff's employer, East River Oil Company, for its employees and administered by the Provident Life and Accident Insurance Company ("Provident"), a disability insurer that subsequently became a subsidiary of UnumProvident Corporation ("Unum").  Plaintiff's employer provided this group long term disability insurance to eligible employees under a plan subject to, and regulated by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA").

In the plaintiff's complaint, he asserts a violation of ERISA on the basis that Provident wrongfully denied his application for disability benefits under the plan.  The plaintiff alleges that there was ample evidence upon which to conclude that the plaintiff was disabled under the terms of the Plan.  Plaintiff maintains that Provident's decision to deny the plaintiff's disability benefits, based on a single, cursory review of the file by Provident's on staff, general practice physician, Dr. Beecher, and its subsequent rejection of all medical evidence submitted in support of the claim, without any further input from Provident's on staff physicians, constitutes an egregious breach of fiduciary duty.  Further, the plaintiff submits that this conduct was motivated by a clear conflict.

## II.  Argument

Walker should not be precluded from testifying, as the defendants claim, because he "never wrote a letter to Provident to explain his limitations, his occupational duties, or telling Provident in detail how his alleged impairments affected his work, his income, his life and his activities of daily activities [sic]."  To the extent that he was asked for information, Walker cooperated with each of the defendants' requests.  Once Walker filed his initial claim application, however, the defendants never requested that Walker provide a letter or affidavit detailing how his illness affected his life.  Indeed, other than a brief telephone call following receipt of Walker's claim, the defendants never again attempted interview Walker.  Walker cannot be charged with the obligation to know what information, documentation, or other evidence the defendants would need to review his claim, beyond the prescribed claim form, without any direction from the defendants.

If the defendants truly did not want Walker to testify at trial, they had ample opportunity to request written statements from him prior to denying his claim.  Had the defendants followed this procedure, the administrative record would have been much more complete, and Walker's testimony might not have been necessary.

Good cause exists to permit this court to hear testimony by Walker and Herzog.  See Zervos v. Verizon, N.Y., Inc., 277 F.3d 635, 646 (2d Cir. 2002).  In Dishman v. Unum Life Ins. Co. of America, 269 F.3d 974 (9th Cir. 2001), Unum

3

cancelled Dishman's disability benefits based on information discovered through private investigations. For example, Unum believed Dishman was employed with another company, Semiotix, while collecting benefits. Unum did not offer Dishman the opportunity to respond to the investigation. Additionally, Unum did not allow the president of the other employer to testify as to Dishman's relationship with Semiotix. The court held that if "UNUM did not want Dishman to be able to impress the judge with his personal, credible testimony, or for Semiotix's president to be able to testify to the nature of Dishman's relationship to that company, then UNUM should have followed the proper procedures and allowed Dishman to present that information to it in the first instance (before terminating his benefits, or, at the least, in a subsequent administrative appeal)." Dishman, supra, at 986. The district court, by looking outside of the administrative record and allowing Dishman to testify, did not err. Id.

These same arguments can be made in favor of allowing Walker's partner, Herzog, to testify. First, Herzog should be permitted to testify as to Walker's material duties as President of East River Oil Company based on his submission of the "employer" section of the defendants' Disability Claim form, which is part of the administrative record. This submission was part of the defendants' claim review process. In this form, Herzog described what role Walker served as President of East River Oil. Furthermore, White indicated in her deposition that she had engaged

4

a consultant to interview Herzog. This interview never occurred, through no fault of Herzog's.

As with Walker, there are no letters or affidavits from Herzog because none were requested by the defendants. The administrative record does contain the disability claim form statements from both Walker and Herzog, however. They should be allowed to testify regarding that information, at least. The defendants should therefore not be able to conveniently argue that testimony from Walker and Herzog is precluded. As this Court is aware, Walker has alleged that the denial of his claim was motivated by a clear conflict. Walker maintains that the defendants may have intentionally limited the administrative record by not requesting narrative or explanatory detail directly from him. By limiting the record as such, the defendants should not be allowed to prevent Walker or Herzog from testifying at trial.

In regards to Dr. Cohen's testimony, Walker concedes that the same arguments made against the admission of any testimony by the defendant's expert Dr. McLaren would apply to Dr. Cohen. See Plaintiff's Objection to Motion to Supplement dated September 23, 2005. However, Dr. Cohen's testimony is relevant if the defendants attempt to argue that Walker's health has improved since applying for benefits. If the defendants concede that Walker's health has not improved, then Walker agrees that Dr. Cohen's testimony is unnecessary.

5

**III.     Conclusion**

Walker requests that this Court permit Herzog and him to testify at trial. Noticeably absent from the defendants' Motion in Limine is any allegation or claim that Walker and Herzog avoided cooperating with the claims process. Rather, the defendants claim that Walker and Herzog simply did not offer any letters, affidavits, etc. to support Walker's claim. As in <u>Dishman</u>, the defendants had every opportunity to limit the administrative record by obtaining the necessary information from Walker or Herzog during the claims process. By allowing Walker and Herzog to testify, this Court would not be handing out baked goods as the defendants analogize. Rather, it would be giving Walker an opportunity to fully and fairly present his claim for benefits for the first time.

                                                            PLAINTIFF,
                                                            EDWARD WALKER,


                                                    By:    _____
                                                            Paul H.D. Stoughton
                                                            Fed. Bar. No. ct01513
                                                            Conway & Stoughton LLP
                                                            201 Ann Street
                                                            Hartford, CT 06103
                                                            (860) 525-5529
                                                            Fax (860) 525-1191

6

**CERTIFICATION**

       This is to certify that a copy of the above has been mailed, postage prepaid, to the following counsel of record this 23rd day of September, 2005:

Helen M. Kemp
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

Alfred V. Covello
US District Court
450 Main Street
Hartford, CT 06103

                                       _____
                                       Paul H.D. Stoughton