UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC. and | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | SEPTEMBER 23, 2005 |

**OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO SUPPLEMENT THE ADMINISTRATIVE RECORD AT TRIAL**

The plaintiff, Edward Walker, hereby objects to the defendants' Motion in Limine to Supplement the Administrative Record dated September 12, 2005. The defendants seek to supplement the administrative record with certain live testimony from Erin White, Dr. Nancy Beecher, Dr. Carl Boland, Tom McLaren, PhD, and certain medical records.

First, Walker objects to the defendants' request that Dr. Boland be permitted to give any testimony outside of the administrative record, explanatory or otherwise. The defendants do not offer any explanation as to what evidence or testimony is needed from Dr. Boland. They simply state in a footnote on page 7 of their Motion that they seek limited testimony from Dr. Boland. Also, no explanation is given why supplemental testimony or evidence from Dr. Boland is necessary. This same

argument can be used against admitting supplemental testimony or evidence from Dr. Beecher.[1]  The defendants offer no explanation of what type of evidence is required and why it should be admitted.  Just as with Dr. Boland, the defendants mention only once the need for supplemental evidence from Dr. Beecher. Defendants' Motion at 7.  The defendants have not shown any basis, much less good cause, as to why this Court should permit evidence or testimony from Dr. Boland and Dr. Beecher to supplement the administrative record and therefore no such evidence should be admitted at trial.

Walker further objects to any testimony or evidence offered by the defendants in relation to Dr. McLaren's role in reviewing Walker's claim.  The defendants claim that Dr. McLaren's testimony is "necessary to inform the court why the 'raw' testing data . . . was necessary in this case." Defendants' Motion at 7.   However, Erin White already offers a sufficient explanation in her May 23, 2001 letter, which is attached as Exhibit A to the defendants' Motion. White states that "in order to evaluate the additional medical information submitted, our medical consultant has specifically requested the raw data for further confirmation of the results and findings."  Further, and more importantly, White testified at her deposition that she made the decision to request the raw data herself, based on her own experience, without consulting Dr. McLaren or any other physician or "medical consultant" as to whether the raw data

---

[1] The plaintiff concedes, however, that the Court may want to hear limited testimony from Dr. Beecher, as she was the only one of defendants' on-staff physicians who reviewed Walker's file during the claims process

2

was necessary in this case. Since Dr. McLaren had no part in the decision to insist upon the raw data, despite the submission of a detailed summary of that data, it would be improper to allow Dr. McLaren to attempt to justify that decision now. Indeed, it is plaintiff's position that defendants unreasonably allowed a customer care employee with a bachelor's degree and no medical training to decide whether the medical evidence sufficiently supported Walker's claim, <u>without</u> consulting a neuropsychologist such as Dr. McLaren. The defendants fall short of demonstrating good cause to allow McLaren to testify on the need for the data.

It is evident, however, that the defendants seek to supplement the administrative record with more than just a reason why the data was needed. The defendants want this Court to allow the admission of Dr. McLaren's evaluation of the raw data. Walker objects to any such evidence.

There is no dispute that the raw data was not evaluated as part of the administrative record. The defendants admit in footnote 2 on page 8 that the raw data was received two years after the initial request. Incidentally, the defendants further admit that the raw data was used "[i]n preparation for litigation." Defendants' Motion at 7. As it is not part of the administrative record, the defendants must show good cause as to why such evidence should be admitted. See <u>Zervos v. Verizon, N.Y., Inc.</u>, 277 F.3d 635, 646 (2d Cir. 2002).

The defendants' inability to receive the raw data was not a result of any fault or delay on the part of Walker's counsel or himself.  The defendants admit as much. "This information is not part of the administrative record solely because Dr. Kirschner had refused all attempts by both Provident and plaintiff's counsel to secure the information." Defendants' Motion at 8.  This is clearly not a situation where Walker was trying to conceal information from the defendants.  To the extent that this Court may consider balancing the equities in its analysis of whether to admit the raw data, neither party was responsible for the raw data not being part of the record.

The defendants denied Walker's claim without Dr. McLaren's evaluation of the raw data.  In fact, the defendants did not submit any part of Walker's file to Dr. McLaren until September, 2002, more than a year after this litigation commenced. Furthermore, it is clear that the defendants plan on using Dr. McLaren's testimony to bolster their legal position, rather than provide fuller review of Walker's claim.  The Zervos court declined to allow the insurer to admit such evidence.  Zervos, supra, at 647.

The defendants admit that the data was submitted to Dr. McLaren in preparation for litigation.  Also, based on Dr. McLaren's opinions, an example of which is provided on page 8 of the defendants' brief, Dr. McLaren's testimony would be used to discredit Dr. Kirschner.  There is no question that the defendants plan to use Dr. McLaren to bolster their legal position.  Finally, the defendants ignore the fact

4

that they chose not to involve Dr. McLaren in the evaluation of Walker's claim until after litigation commenced.  If Dr. McLaren had reviewed Dr. Kirschner's reports, and decided that he still needed to review the raw data scores before Walker's claim could be approved, then, and only then, could Dr. McLaren's testimony be permissible.   The defendants clearly intend to use Dr. McLaren's testimony to undermine Dr. Kirschner.  Thus, the defendants simply cannot show good cause for this court to allow any testimony by Dr. McLaren.[2]

Based on the foregoing, Walker respectfully requests that the Court sustain this Objection to the defendant's Motion in Limine to Supplement the Administrative Record dated September 12, 2005.  The defendants have provided no explanation as to why supplemental testimony by Drs. Beecher and Boland is needed nor have they established good cause to allow such testimony.  The sole purpose of Dr. McLaren's testimony is to bolster the defendants' legal position rather than provide a fuller record.  Thus, the defendants have not shown good cause as to why any testimony by Dr. McLaren should be allowed at trial.

---

[2] As Dr. McLaren's testimony about the raw data and his evaluation of same is impermissible, Walker also objects to the defendants' Exhibits numbered 55 through 62.  These exhibits constitute the raw data that was sent to Dr. McLaren well outside of the administrative record.

          PLAINTIFF,
          EDWARD WALKER,


By: _____
     Paul H.D. Stoughton
     Fed. Bar. No. ct01513
     Conway & Stoughton LLP
     201 Ann Street
     Hartford, CT 06103
     (860) 525-5529
     Fax (860) 525-1191

## **CERTIFICATION**

This is to certify that a copy of the above has been mailed, postage prepaid, to the following counsel of record this 23rd day of September, 2005:

Helen M. Kemp
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

Alfred V. Covello
US District Court
450 Main Street
Hartford, CT 06103


_____
Paul H.D. Stoughton