UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER<br>    Plaintiff, | : CIVIL ACTION NO. 3:01CV1331 (AVC)<br>:<br>: |
| v. | :<br>: |
| PROVIDENT COMPANIES, INC.,<br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>    Defendants. | :<br>:<br>:<br>:<br>: SEPTEMBER 26, 2005 |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD

Pursuant to Rule 9(g) of the Local Rules of Civil Procedure, the defendants Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") hereby replies to Plaintiff's Memorandum in Opposition to Provident's motion in limine to exclude evidence outside of the administrative record. ("Pl. Opp.").

Specifically, Provident seeks to preclude any attempt by the plaintiff to introduce documentary evidence not related to the administrative record or testimonial evidence – including any testimony by the plaintiff, his partner Donald Herzog or James S. Cohen, Ph.D, a vocational rehabilitation specialist - other than the limited testimony of Provident personnel who reviewed the claim and the physicians who examined Mr. Walker (and whose reports were made part of the administrative record). Additionally, Provident seeks to exclude plaintiff's proposed Exhibits 41, 42 and 43 (plaintiff's 1997, 1998 and 1999 tax returns) as they are not part of the

administrative record.

I. **LEGAL ARGUMENT**

   A. **Good Cause Does Not Exist to Permit this Testimony**

Plaintiff argues that good cause exists to permit this court to hear testimony by Walker and Herzog because Provident did not secure information from Walker or Herzog indicating how Walker's alleged impairments affected his ability to work. In support of his position, Plaintiff cites from the case of *Dishman v. Unum Life Insuerance Co. of America*, 269 F.3d 974 (9th Cir. 2001); unfortunately the *Dishman* case is not on point to the determinative issue in this case.

In the case at bar, plaintiff's benefits were denied because after over six months of requesting this information, plaintiff failed to submit any supporting documentation for his claimed cognitive impairments. On or about October 13, 2000, Erin White, Provident's Senior Customer Care Specialist specifically wrote plaintiff's physician, Dr. Jeffrey Kopp[1], and asked him to provide "supporting documentation for the claimed cognitive impairments such as neuropsychological testing". Dr. Kopp did not do so. (See **Exhibit A** attached hereto; October 13, 2000 letter). Provident notes that plaintiff was copied on this letter so he was well aware what Provident required to assess his claim for benefits.

Plaintiff engaged an attorney, Paul Stoughton, and appealed the decision *without* submitting any additional medical records. On January 9, 2001, Provident's appeal consultant wrote plaintiff's attorney a letter denying the appeal and stating that "[w]hile Dr. Kopp is of the opinion that the disease impairs Mr. Walker's cognitive function, at this point there is absolutely no testing data to support this suspicion." Provident informed plaintiff's attorney that if he had

---

[1] Dr. Kopp was plaintiff's family physician; he was not a neurologist or neuropsychologist.

2

any other, yet unsubmitted, documents to submit to support his claims, that "the company remains willing to review that data." (See **Exhibit A** attached hereto; January 9, 2001 letter).

In March 2001, plaintiff submitted a report from a clinical psychologist, Dr. Mark Kirschner. Dr. Kirschner provided a written report which stated that Lyme disease impaired Plaintiff's cognitive function to the point that he was disabled. Erin White asked Plaintiff (on several occasions) to submit to it the "raw data" and "test scores" used by Dr. Kirschner in his evaluation. (See **Exhibit A** [2] attached hereto; March 28, 2001; May 23, 2001 letters). Plaintiff was again copied on these letters so he was aware of what Provident required to approve his claim.

Provident was informed by plaintiff's attorney that Dr. Kirschner refused to send the raw data and scores due to confidentiality concerns. The last letter sent by Provident (Erin White) seeking Dr. Kirschner's "raw data" was dated May 23, 2001 and addressed these concerns. Plaintiff's response, instead of working to obtain and send the "raw data", was to file suit against Provident in Connecticut Superior Court on or about June 13, 2001 – three weeks from receipt of Provident's letter informing plaintiff how Dr. Kirschner's concerns could be addressed.

Accordingly, *Dishman* is not appropriate for this case. *Dishman* held that plaintiff's testimony was permissible because Unum obtained information detrimental to Dishman's claim for benefits and did <u>not</u> allow Dishman the opportunity to respond to that information. (Pl. Opp., p. 4). In the case at bar, plaintiff's benefits were denied because he did not submit supporting documentation for the claimed cognitive impairment.

---

[2] These documents are contained in the administrative record. The number on the right hand side of the page denotes a bates-stamped number "PLA" = Provident Life and Accident and "CL" = claims file.

3

Plaintiff was informed on several occasions that Provident would be willing to review the claim once again if he would submit the raw data (tests) required by Provident – something made very clear to both plaintiff and his attorney. However, rather than obtaining the raw data and sending it to Provident, Plaintiff filed suit. Hence, this is not a case where Provident (a) did not request certain information or (b) denied a claimant a chance to respond to the reason for denial or (c) refused further consideration of the claim for benefits. Indeed, even after the appeal process was closed, Provident remained willing to reassess Plaintiff's claim for benefits upon submission of the tests and raw data. Unlike *Dishman*, there were no private investigators in this case and there were letters to the plaintiff specifically requesting certain information.

Plaintiff asserts that he cannot be "charged with the obligation to know what information, documentation or other evidence the defendants would need to review his claim, beyond the prescribed claim form, without any direction from the defendants." (Pl. Opp., p. 3). However, in this case, he **was** given direction as he and his attorney were informed on several occasions specifically what Provident required to review his claim.

As shown by **Exhibit A**, the case at bar has nothing to do with any alleged attempts by Provident to limit the administrative record. Donald Herzog's testimony concerning plaintiff's duties is not relevant and will not provide a fuller review of the decision making process because Provident did not question the duties of the plaintiff. Plaintiff's proffered testimony is outside the record and contrary to his assertions, he had ample opportunity to provide the material requested by Provident. Indeed, Provident notes that plaintiff intends to testify for *4-6 hours* thus belaying any assertion that he just intends to testify about his application for benefits.

4

Provident asserts that any testimony by Herzog or plaintiff at this point is well outside of the administrative record and should be excluded. See *Kaus-Rogers v. Unum Life Ins. Co. of America*, 2004 U.S. Dist. LEXIS 9797 at * 14 (W.D.N.Y. Apr. 4, 2004) (on *de novo* review excluding additional evidence relating to the plaintiff's job responsibilities and medical condition).

**B.     A Conflict of Interest Does Not Exist in this Case.**

Plaintiff argues that Provident's conduct in reviewing the claim was "motivated by a clear conflict." Plaintiff does not explain in this motion what he claims the conflict is in this case. In *Lochner v. Unum Life Ins. Co. of Am.*, 389 F.3d 286 (2nd Cir. 2004) the Second Circuit held that a conflict of interest by itself does **not** establish "per se" good cause to admit evidence outside the administrative record. The Second Circuit took this case as an opportunity " ... to clarify [our] holding in *DeFelice* and make plain that a conflict of interest does not *per se* constitute "good cause" to consider evidence outside of the administrative record upon a *de novo* review of factual issues bearing on an administrator's denial of ERISA benefits... [e]specially as "claims reviewers and payors are almost always either the same entity or financially connected in some other way."

In order to demonstrate that such a conflict influenced an administrator's decision, or that an apparent conflict was in fact an actual conflict, *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 798 (9th Cir. 1997), "the affected beneficiary must come forward with material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the

5

administrator's fiduciary obligations to the beneficiary." *Lang*, 125 F.3d at 798 (citations omitted). This cannot be done in the present case.

Plaintiff alleges that the denial of his claim was motivated by a clear conflict and that Provident intentionally limited the administrative record by not requesting narrative or explanatory detail from him. First, there is no evidence of a "clear conflict" – Provident requested raw data to evaluate plaintiff's claim and plaintiff, addressed Dr. Kirschner's concerns about the confidentiality of the information but instead of sending the raw data, plaintiff filed suit. Second, there is no evidence that Provident "intentionally limited" the administrative record – indeed - the record shows that Provident repeatedly asked plaintiff to submit documentation of his cognitive impairment. Accordingly, plaintiff's purported conflict of interest cannot be shown and plaintiff's and Herzog's testimony outside of the administrative record is not warranted.

C. **Dr. Cohen's Testimony is Outside of the Administrative Record; Additionally the Issue of Whether Plaintiff is Presently Disabled is Not Relevant to the Current Proceeding.**

Plaintiff has stated that "[i]f defendants concede that Walker's health has not improved, then [he] agrees that Dr. Cohen's testimony is unnecessary." (Pl. Opp., p. 5). Provident is confused by this assertion. Dr. Cohen is a Vocational Rehabilitation Specialist with a Ph.D in "Vocational Development." Dr. Cohen is not qualified to testify or opine to the presence of plaintiff's alleged cognitive impairments or whether such impairments reach disabling proportions; he is not a neurologist nor is he a neuropyschologist. While he could possibly testify to the number of jobs in today's economy or plaintiff's alleged skill set in relation

6

thereto, he cannot testify as to whether plaintiff has cognitive impairments or to whether these impairments reach the level of a disability.

Additionally, Provident objects to any testimony proffered by plaintiff which relates to plaintiff's alleged disability after May 23, 2001 – the date of the last letter from Provident to plaintiff's attorney. Not only is any testimony outside of the administrative record but it is not germane to the case at bar the gravamen of which is whether plaintiff was disabled in accordance with the terms and conditions of the policy at the time he applied for benefits. Provident also objects as if that is plaintiff's intention, e.g. to produce evidence that he has been disabled since the time of his application for benefits, then such evidence should also be excluded on the basis that such proof (e.g. medical evidence of his continuing disability) has never been produced to Provident.

Fed. R. Civ. P. 26(e)(1) provides:

> (1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, *the subject matter on which he is expected to testify, and the substance of his testimony.*

In clear violation of Plaintiff's duty to "seasonably" supplement his response, Plaintiff failed to provide the defendant with any medical evidence of his disability after 2001. While the rule itself provides no express sanctions for a violation, the Advisory Committee note states that "the duty [to supplement responses] will normally be enforced, in those limited instances where it is imposed, through sanctions imposed by the trial court, including *exclusion of evidence,* continuance, or other action, as the court may deem appropriate." See Advisory Committee Notes, 1993 Amendments to Fed. R. Civ. P. 26 (e)(emphasis added).

7

## II.    **CONCLUSION**

As the court cannot consider any evidence that was not before the administrator at the time the claims determination was made, and as plaintiff has failed to show "good cause" to include testimony from the plaintiff, Herzog and Dr. Cohen, Provident respectfully requests the Court to limit the evidence to the administrative record and the testimony from the Provident employees who considered the claim and to exclude all other documentary evidence proffered by plaintiff that was not part of the administrative record.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By *Helen M. Kemp*
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.  (860) 275-8299
E-mail:  hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by facsimile and mailed, postage prepaid, on this 26th day of September, 2005, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT  06103

And a courtesy copy was hand-delivered to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT  06103

_Helen M. Kemp_
Helen M. Kemp

# EXHIBIT A

UNUM.

*Protecting everything you work for*

October 13, 2000

Dr. Jeff Kopp
1591 Boston Post Road
Guilford, CT 06437

Re: Mr. Edward Walker
    Claim # 's 52-06030581 & 52-06000878

Dear Dr. Kopp:

Thank you for your letter dated September October 5, 2000. It was received in our office on or about October 11, 2000.

In your letter you refer to Mr. Walker's permanent impairment of his cognitive abilities. If there is any supporting documentation for the claimed cognitive impairments (such as neuropsychological testing, etc.), please submit this at your earliest convenience and we will be happy to review it. Otherwise, based on the information contained in Mr. Walker's claim file at this time, we stand by our previous determination that he does not currently qualify for total disability benefits as defined by his policy.

Should you have questions or concerns, please feel free to contact me at the number below.

Sincerely,


Erin White, ALHC
Senior Customer Care Specialist
Customer Care Center
Provident Life and Accident Insurance Company

1-800-451-8464 ext 5776

cc Mr. Edward Walker

PLACL00182

# PROVIDENT

Provident Companies, Inc.
1 Fountain Square, Chattanooga, TN 37402

January 9, 2001

Paul H.D. Stoughton
Attorney at Law
241 Main Street
Hartford, CT 06106

RE: Policy Number 335-0006000878
    Edward Walker

Dear Mr. Stoughton:

The undersigned examiner has completed a comprehensive review of Mr. Edward Walker's disability claim in connection with your correspondence indicating that you are in process of compiling additional information regarding Mr. Walker's condition. Based upon this examiner's review of information submitted to date, it is necessary to uphold the Company's position that the records do not provide sufficient medical data to support Mr. Walker's claimed inability to perform the substantial and material duties of his former occupation as President of East River Oil Company, Inc. The following general discussion explains the basis for that conclusion.

First, the policy covers loss (disability) resulting from "sickness or injury". It further places the burden on the policyholder to provide written proof of the loss. "Written proof" is interpreted by this examiner as persuasive evidence that the definition of total disability is reasonably satisfied. Such "proof" would include, but not be limited to, proof of the existence of sickness or disease, which prevents the performance of the substantial and material duties of the policholder's occupation. Mr. Walker was diagnosed with Lyme Disease. If we understand the substance of his claim, it is that the symptoms of this disease cause fatigue, poor concentration, memory disturbance, and occasional dizziness. In fact, a recent letter from Jeff Kopp, M.D. stated: "My medical opinion is that Edward Walker had Lyme Disease with involvement of his central nervous system and that he likely has permanent impairment of his cognitive abilities. Even though he still appears as a bright articulate individual, he cannot function, at least at this time, in his former capacity in running a 50 million dollar business".

The complete medical records were reviewed by a Board Certified Internist who observed that the objective data failed to substantiate the symptoms. While Dr. Kopp is of the opinion that the disease impairs Mr. Walker's cognitive function, at this point, there is absolutely no testing data

PLACL00203

to support this suspicion. Doctor Kopp was written on October 13, 2000 for copies of any information, which would lend support to his belief. To date, there has been no reply. So while a diagnosis of Lyme Disease may be perfectly valid, it is Provident's position that this does not translate to an assumption of total disability, and, beyond that, to an assumption of a permanent, irreversible condition. Given the circumstance, this examiner must agree with the decision previously communicated by representatives of the Company that Mr. Walker has failed to provide objective medical data in support of the claimed restrictions and limitations.

Based upon the information currently known this review exhausts the appeals process and the determination is final. We emphasize, however, that this decision is based on the information currently available. You indicated in your letter that you anticipated other documents from Mr. Walker's treating physicians. Certainly, if there is additional information, of if information is later developed, the Company remains willing to review that data. The claim file is being returned to Erin White, and we ask that you direct any additional reports to Ms. White. That address is in your file.

Finally, the reasons stated for denial of the claim and upholding that decision may not be all-inclusive. For this reason, the Company reserves the right to assert other reasons and to raise any defenses granted by the policy in the future.

Sincerely,


William E. Parker
Senior Appeals Consultant
Provident Life and Accident Insurance Company

PLACL00202

UNUM.

*Protecting everything you work for*

March 28, 2001

Paul H.D. Stoughton
241 Main Street
Hartford, CT 06106

Re: Mr. Edward Walker
claim #'s 52-06030581 & 52-06000878

Dear Mr. Stoughton:

Thank you for your letter dated March 17, 2001.

As stated in my letter to you dated March 22, 2001, we are unable to give Mr. Walker's claim for total disability benefits our additional consideration without copies of the tests that you reference in your letter. Please provide copies of the tests (and any other recent medical information available) that Dr. Kirschner speaks of and we will forward this information to our medical department for review. If there is a reasonable fee to copy such tests, etc. please ask Dr. Kirschner to provide an invoice and we will be happy to reimburse him.

Your cooperation is greatly appreciated. We are anxious to allow further consideration of Mr. Walker's claim upon receipt of the additional information. Should you have questions or concerns on this or any other matter, please do not hesitate to contact me at the number below.

Sincerely,


Erin White, ALHC
Lead Customer Care Specialist
Customer Care Center
Provident Life and Accident Insurance Company
1-800-451-8464 ext 5776

cc. Mr. Edward Walker

PLACL0021 5

UNUMPROVIDENT CORPORATION
1 Fountain Square, Chattanooga, Tennessee 37402
423.755.1011
Unum is the marketing brand of UnumProvident Corporation



# UNUM.

*Protecting everything you work for*

May 23, 2001

Paul H.D. Stoughton
241 Main Street
Hartford, CT 06106

Re: Mr. Edward Walker
claim #'s 52-06030581 & 52-06000878

Dear Mr. Stoughton:

Thank you for your letter dated May 14, 2001 and the accompanying neuropsychological report provided by Dr. Kirschner.

However, in order to evaluate the additional medical information submitted, our medical consultant has specifically requested the raw data for further confirmation of the results and findings. Dr. Kirschner's concerns of confidentiality are understood. Therefore, we assure confidentiality by requesting that the provider of the neuropsychological testing send the material directly to one of our neuropsychologist. We assure you that such data will be maintained in accordance with ethical and legal standards for psychological material.

The information needed includes all *raw data, scoring sheets, data summaries, test responses, computerized interpretive summaries and any other clinical documents produces during the neuropsychological testing*.

In order for us to complete a review of Mr. Walker's disability claim, we will need to have copies of the clinical material, as soon as possible. Please provide an invoice for any copying charges incurred. Again, we assure you that such data will be maintained in accordance with ethical and legal standards for psychological material.

Please ask Dr. Kirschner to forward those documents directly to the consultant listed below:

    Tom McLaren, PhD.
    Clinical Neuropsychologist
    Licensure : TN # P1864 & GA # 1954
    Phone: 800-451-8464

PLACL00223

May 23, 2001
Page 2

Address:   UnumProvident Insurance Co.
           1 Fountain Square
           4 North - Confidential
           Chattanooga, TN 37402

Upon receipt of the additional information, we will have it promptly reviewed by our Medical Consultant. I will notify you of the results of the review as soon as it is completed. Thank you for your continued cooperation. Should you or Dr. Kirschner have any questions regarding this matter, please feel free to contact me at 1-800-451-8464, ext. 5776.

Sincerely,


Erin White ALHC
Lead Customer Care Specialist
Customer Care Center
Provident Life and Accident Insurance Company

Cc: Mr. Edward Walker

PLACL00222