| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC. and | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | NOVEMBER 18, 2005 |

    Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, the plaintiff Edward Walker, hereby moves the Court to award him his attorneys' fees in the above referenced action.

    This is an action seeking the payment of disability benefits under an employer sponsored disability plan pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

    This case was tried to the Court between September 27, 2005, and September 30, 2005. On November 2, 2005, this Court issued its memorandum of decision finding that the defendant wrongfully denied the plaintiff his application for disability benefits and ordering the defendant to pay the plaintiff all benefits due him. Judgment entered for the plaintiff on November 7, 2005, in accordance with the Court's memorandum of decision.

1

Rule54(d)(2) provides that claims for attorneys' fees shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

ERISA provides that "in any action under this subchapter…by a participant, beneficiary, or fiduciary, the Court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 USC §1132(g)(1).  In this circuit, the court should consider five factors when evaluating a request for attorneys' fees under ERISA: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorneys' fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties positions, and (5) whether the action conferred a common benefit on a group of pension planned participants.  Miller v. United Welfare Fund, 72 F.3d 1066, 1074 (2d Circuit) 1995.  These factors are to be weighed together, rather than applied as a checklist.  Lauder v. First Unum Life Insurance Company, 284 F.3d 375, 383 (2d Circuit 2002).  ERISA's attorneys' fees provisions must be liberally construed to project the statutory purpose of vindicating plan beneficiary's rights. Chambless v. Masters, Maids and Pilots Pension Plan, 815 F.2d 869, 871 (2d Circuit, 1987).

In this case, the plaintiff maintains that an award of attorneys' fees under ERISA is appropriate because four of the five factors announced in Miller weigh heavily in his favor.  The defendants' decision to deny benefits in the face of uncontroverted medical proof was unreasonable.  Alluding to the uncontradicted evidence in support of the plaintiff's disability by two medical professionals, Dr. Kopp and Dr. Kirschner, this Court found that "only under a patently unreasonable standard of proof, would this evidence not be held to meet the requisite burden [of proof]".  Thus, the first and fourth factors enumerated in Miller are satisfied.  There can be little doubt of the second and third factors, namely the defendants' ability to satisfy an award of attorneys' fees and the tendency of such an award to deter wrongful denials of benefits in the future.  The only factor that does not weigh in the plaintiff's favor is that the judgment in this case did not confer a common benefit on a group of pension planned participants.

      WHEREFORE, the plaintiff moves for his attorneys' fees in the amount of $89,066.31. The plaintiff will submit an itemized statement of said fees upon request.

                      PLAINTIFF
                      EDWARD WALKER


            BY _____

                      Paul H.D. Stoughton
                      Conway & Stoughton, LLP
                      201 Ann Street
                      Hartford, CT 06103
                      (860) 525-5529
                      (860) 525-1191
                      Fed. Bar No. CT01513


      This is to certify that a copy of the foregoing was mailed on this 18th day of November 2005, postage prepaid, to counsel of record, specifically:

Helen M. Kemp, Esq.
Robinson & Cole LLP
One Commercial Plaza
Hartford, CT 06103

Alfred V. Covello
US District Court
450 Main Street
Hartford, CT 06103


                      _____
                      Paul H.D. Stoughton