UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER<br>　　　Plaintiff, | : CIVIL ACTION NO. 3:01CV1331 (AVC)<br>:<br>: |
| v. | :<br>: |
| PROVIDENT COMPANIES, INC.,<br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>　　　Defendants. | :<br>:<br>:<br>:<br>: DECEMBER 2, 2005 |

**DEFENDANTS OBJECTION AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES**

Defendants Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") objects to, and submits this memorandum of law in opposition to the plaintiff's motion for attorney's fees. The plaintiff's motion should be denied on the grounds that he has failed to prove that he is entitled to attorney's fees. To the contrary, as an analysis of the factors enumerated by the Second Circuit in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987) demonstrates, the plaintiff fails to qualify for an award of attorney's fees under ERISA.

Additionally, whether or not the plaintiff may be entitled to an award of some attorney's fees, which Provident denies, the plaintiff has failed to substantiate his claim for fees.

## I. PLAINTIFF DOES NOT QUALIFY FOR ATTORNEY'S FEES UNDER ERISA.

Like many other circuits, the Second Circuit Court of Appeals has held that the decision of whether to award attorneys' fees in an ERISA action is ordinarily based on five factors: (1) the degree of the offending party's culpability or bad faith (2) the ability of offending party to satisfy an award of attorneys' fees (3) whether an award of fees would deter other persons from acting similarly under like circumstances (4) the relative merits of the parties' positions and (5) whether the action conferred a common benefit on a group of plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995); *Salovaara v. Eckert*, 222 F.3d 19, 27-28 (2d Cir. 2000). "No one of these factors is necessarily decisive, and some may not be apropos of a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [of ERISA]." *Perreca v. Gluck*, 2004 U.S. Dist. LEXIS 24429 at * 7 (S.D.N.Y. Dec. 6, 2004) quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

An award of attorneys' fees is not automatic and rests within the discretion of the trial court. A court may decline to award fees to a plaintiff if it finds that the defendant acted neither oppressively nor in bad faith. *Miller*, 72 F.3d at 1066; *Lucaskevge v. Mollenberg*, 11 Empl. Ben. Cas. (BNA) 1355 (W.D.N.Y. 1989); *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199 (2d Cir 2003) (denying fees where defendant's actions were not unreasonable and where resolution of the case was close). Similarly, a defendant's incorrect position on coverage does not automatically

warrant an award of attorneys' fees. *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 382-83 (2d Cir 2001).

Provident asserts that the plaintiff cannot meet the burden imposed on him to establish entitlement to an award of attorney's fees under ERISA. Provident maintains that when the *Chambless* factors are considered and weighed together, the correct conclusion is that the plaintiff does not qualify for an award of attorney's fees under ERISA. The plaintiff acknowledges that the *Chambless* factors govern the Court's decision (Pl. Mem., 2), however, the plaintiff's motion fails to set forth any support showing that the requisite factors are met.

The plaintiff's approach is not surprising given that the only factor that arguably weighs in plaintiff's favor is the ability of the defendants to satisfy an award. It is well established, however, that this factor alone is insufficient to justify an award of attorney's fees. See, e.g. *Perreca*, 2004 U.S. Dist. LEXIS 24429 at * 11 (defendant's ability to satisfy an award of attorney's fees is an inadequate basis to justify awarding fees; court must consider all five *Chambless* factors); *Leyda v. Allied Signal, Inc.* 322 F.3d 199 (2d Cir. 2003) (denying award of attorney's fees notwithstanding defendant's likely ability to satisfy the award).

All the other factors weigh in favor of the defendants and demonstrate that an award of attorney's fees is not warranted. First, the Court made no finding that Provident acted in bad faith toward the plaintiff. A showing of bad faith or culpability, for the purposes of this analysis, requires proving more than the fact that the benefits were denied. In the instant case, the Court made no finding – because the plaintiff offered no evidence at trial – that Provident acted in bad faith in its consideration of the claims. "[A]warding attorney's fees simply because benefits denied in good faith should have been granted would undermine ERISA's goal of encouraging

3

soundness and stability of employee benefit plans." *Perreca*, 2004 U.S. Dist. LEXIS 24429 at * 13 (internal citations omitted).

Even though the Court concluded that the plaintiff was entitled to disability benefits, an award of attorneys' fees is still not appropriate given the lack of any evidence of bad faith. See *Quigley v. Unum Life Ins. Co. of Am.*, 340 F. Supp. 2d 215, 224-25 (D. Conn. 2004) (even though court ruled that the plaintiff was entitled to disability benefits, she did not qualify for an award of attorney's fees since the defendant's denial of her claim was not founded in bad faith).

The Court made no explicit finding that Provident's conduct was reprehensible or in some way outrageous. To meet the "bad faith" requirement, the conduct in question must involve "something more than simple negligence. . .[it] implies the act or conduct spoken of is reprehensible or wrong." *Perreca*, 2004 U.S. Dist. LEXIS 24429 at * 8 (internal citations omitted). The plaintiff attempts to justify his claim for attorney's fees by asserting – without support – that the Court found "uncontroverted evidence" in support of the plaintiff's disability. (Pl. Mem., 2.) The Court, however, made no such finding of "uncontroverted evidence" because there is no evidence whatsoever to support such a claim. Because there is no evidence that Provident acted in bad faith, application of this factor weighs against an award of fees and in favor of Provident.

Likewise, there is no basis in the record of this case to conclude that an award of attorney's fees would deter others from engaging in similar behavior and offers a common benefit to other plan participants. Full examination of the claim file shows no evidence of fraud or intransigence on the part of Provident, and thus no basis for concluding that an award of attorney's fees would deter others. See *Perreca*, 2004 U.S. Dist. LEXIS 24429 at * 12 (because

there was no evidence that defendant's actions constituted intransigence or resulted from a phony or manufactured claim, there was no basis to award fees).

A consideration of the relative merits of the parties' positions demonstrates that an award of fees is not justified. Although the Court issued a ruling in favor of the plaintiff at this stage of the proceedings, that is insufficient to justify an award of attorney's fees. *Perreca*, 2004 U.S. Dist. LEXIS 24429 at * 13 (plaintiff's success on the merits was not enough for entitlement to attorney's fees); *Leyda v. Allied Signal, Inc.*, 322 F.3d 199, 210-11 (2d Cir. 2003) (even where defendant violated ERISA's procedures regarding distribution of summary plan descriptions, its actions were not in bad faith and it had a "colorable defense to the plaintiff's cause of action"); *Quigley*, 340 F. Supp. 2d 215, 224-25 (D. Conn. 2004) (although court awarded benefits to plaintiff, it denied her claim for attorney's fees on the basis that the defendant did not act in bad faith and its defense to plaintiff's action "did have some merit."). The extensive evidence developed at trial shows that Provident had ample basis to support its conclusion that it had insufficient information in its claim file to make a decision on the plaintiff's appeal of the denial of benefits.

Thus, where, as here, the defendants had a non-frivolous position which was sufficiently grounded in the facts to force a trial, the plaintiff's cannot show that the relative merits of the parties' respective positions weighs in hi favor. *Perreca*, 2004 U.S. Dist. LEXIS 24429 at *13-14. In fact, by inviting plaintiff to submit additional medical records after his appeal was denied, the evidence showed that Provident went beyond what it usually did on appeal, and certainly

beyond what the law generally requires[1]. Since there is "no reason to infer that an award of fees would have any greater deterrent effect than that resulting from the imposition of liability," an award of fees is not appropriate. *Leyda*, 322 F.3d at 211.

An analysis of the facts of this case in comparison with the *Chambless* factors demonstrates that the plaintiff is not entitled to an award of attorney's fees. Accordingly, the plaintiff's motion should be denied.

## II.    PLAINTIFF FAILED TO SUBMIT DOCUMENTATION OF FEES AND COSTS AND MAY BE IMPROPERLY SEEKING FEES

Assuming *arguendo* that plaintiff is entitled to an award of some attorney's fees, which Provident denies, the plaintiff's claim that he is entitled to an award of $ 89,066.31 is completely unjustified. The plaintiff has not met his burden of submitting evidence supporting the hours worked and the rates claimed. "It is well-established in this circuit that an attorney 'who applies for court-ordered compensation . . . must document the application with contemporaneous time records." *Walia v. Vivek Purmasir & Assoc.*, 160 F. Supp. 2d 380, 396 (S.D.N.Y. 2000), quoting *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d. Cir. 1983) (ellipsis in original). See also *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250,

---

[1] Claims consultant Erin White testified at trial that Walker submitted no additional or new documentation in support of his claim during the appeal process. On January 9, 2001, William E. Parker, Senior Appeals Consultant for Provident, wrote plaintiff's attorney denying the appeal and stating:

> "While Dr. Kopp is of the opinion that the disease impairs Mr. Walker's cognitive function, at this point there is absolutely no testing data to support this suspicion. Doctor Kopp was written on October 13, 2000 for copies of any information which would lend support to his belief. To date there has been no reply."

Parker noted that Attorney Stoughton had indicated that he may have other, yet unsubmitted, documents and reports to submit in support of Walker's claims and stated in the letter that "the company remains willing to review that data." ERISA does not require the submission of new data after the appeal period has ended.

6

1265 (2d Cir. 1987) (the attorney is required to maintain and provide contemporaneous time records); *Pridgen v. Andresen*, 2000 U.S. Dist. LEXIS at * 23 (D. Conn. Mar. 31, 2000) ("Applications for fee awards should generally by documented by contemporaneously created time records that specify for each attorney, the hours expended and the nature of the work done."

Indeed, when moving for attorney's fees, it is appropriate to submit "detailed billing records, affidavits, lists of attorney billing rates, a resume of plaintiff's lead counsel, and comparison of billing rates for attorneys in other locales." See *Pridgen*, 2000 U.S. Dist. LEXIS at * 23. See also *Fabri v. United Techs. Int'l, Inc.*, 193 F. Supp. 2d 480, 490 (D. Conn. 2002)(attorney biographies and a detailed fee table listing rates for each attorney involved in the case are two examples of specific documentation to be included in the bill supporting a request for attorney's fees).

Because plaintiff did not submit any affidavits, resume, billing rates or contemporaneous time records, Provident cannot tell if the claimed amount is wrong or otherwise inflated because it reflects time spent on matters that are completely unrelated to plaintiff's claim of wrongful denial of long-term disability benefits in violation of ERISA. For example, the only count on which plaintiff prevailed was his claim against Provident for wrongful denial of benefits under ERISA; the plaintiff's breach of fiduciary duty claim against Provident was dismissed upon summary judgment. Accordingly, any award to the plaintiff should be limited to the fees and costs associated with the prosecution of the wrongful denial of benefit claim against Provident.

Additionally, Provident needs to examine the basis of plaintiff's claimed fees and costs. Courts have refused to reimburse practitioners for "secretarial and clerical services" and have also looked suspiciously on requests for compensation for items that appear to be overhead.

7

*McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 2002 U.S. Dist. LEXIS 15908 at *10, *14 (S.D.N.Y. 2002); *see also New York State Teamster Conf. Pension & Retirement Fund v. UPS*, 2004 U.S. Dist. LEXIS 3062, 32 Empl. Ben. Cas. (BNA) 1711 (N.D.N.Y. 2004) (disallowing costs for computerized legal research, secretarial overtime, trial supplies, bar association registration, and incorporation costs for which plaintiffs provided no other description or explanation).

Before any award of fees could be made, the plaintiff should be required to provide to defendant an accurate accounting of plaintiff's counsel's time, with contemporaneous billing records to support it. The defendant should then be given a reasonable time to examine and investigate these records. Thus, in the event the Court determines that the plaintiff is entitled to any award of fees, it must hold an evidentiary hearing to determine the appropriate amount of such an award.

### III.   CONCLUSION

For all the reasons set forth above, Provident respectfully requests the Court to deny the plaintiff's motion for attorney's fees.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By *Helen M. Kemp*
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No. (860) 275-8299
E-mail: hkemp@rc.com

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 2nd day of December, 2005, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT 06103

And a courtesy copy to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT 06103

*Helen M. Kemp*
Helen M. Kemp

9