## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC., | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| Defendants. | : | DECEMBER 19, 2005 |

## DEFENDANTS SUPPLEMENTAL OBJECTION TO
## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The defendants Provident Companies, Inc., the UnumProvident Corporation and the

Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") further

object to plaintiff's motion for attorney's fees and costs on the grounds that upon and after

review of the submitted fee documentation, it believes (a) the award sought is unsubstantiated;

(b) the amount sought include fees for work during the administrative review of the claim and (c)

as one of plaintiff's counts did not survive summary judgment, no fee should be awarded for

work performed on that unsuccessful count.

In sum, and assuming *arguendo* that plaintiff is entitled to an award of some attorney's

fees, which Provident denies, the plaintiff's claim that he is entitled to an award of $92,260.02 is

completely unjustified. The plaintiff has not met his burden of submitting evidence supporting

the hours worked and the rates claimed and because his documentation is insufficient.

A.    **Factors Considered in Awarding Fees**

Like many other circuits, the Second Circuit Court of Appeals has held that the decision

of whether to award attorneys' fees in an ERISA action is ordinarily based on five factors:

(1) the degree of the offending party's culpability or bad faith (2) the ability of offending party to

satisfy an award of attorneys' fees (3) whether an award of fees would deter other persons from

acting similarly under like circumstances (4) the relative merits of the parties' positions and (5)

whether the action conferred a common benefit on a group of plan participants. *Chambless v.*

*Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987); *Miller v. United*

*Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995); *Salovaara v. Eckert*, 222 F.3d 19, 27-28 (2d

Cir. 2000).

Citing 29 U.S.C. § 1132(g)(1), the Second Circuit has acknowledged that a court has

discretion to award attorney's fees to either party in an ERISA action and that the five-factor test

is applicable regardless of which party seeks attorneys' fees. *Anita Foundations, Inc. v. ILGWU*

*Nat'l Retirement Fund*, 902 F.2d 185, 188-89 (2d Cir. 1990); *Salovaara*, 222 F.3d at 27-28.

Nevertheless, an award of attorneys' fees is not automatic and rests within the discretion

of the trial court. Even if successful on his claims, Provident asserts that award of fees to the

plaintiff would be inappropriate as Provident acted neither oppressively nor in bad faith. See

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987); *Miller v.*

*United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995); *Lucaskevge v. Mollenberg*, 11 Empl. Ben.

Cas. (BNA) 1355 (W.D.N.Y. 1989); *see also Maloney v. Connecticut Orthopedics., P.C.*, 47 F.

Supp. 2d 244 (D. Conn. 1999); *McCauley Enterprises, Inc. v. New Hampshire Ins. Co.*, 716 F.

Supp. 718 (D. Conn. 1989)(an imperfect investigation alone is not sufficient to prove bad faith).

Additionally, an award of fees to the plaintiff would be inappropriate as even if Provident took the wrong position

on coverage, the position was not so egregiously wrong as to be frivolous or have been made in bad faith. *Leyda v.*

*AlliedSignal, Inc.*, 322 F.3d 199 (2d. Cir 2003); *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 382-83 (2d. Cir

2001)(wrong position on coverage does not automatically warrant an award of attorney fees). Lastly, an award of

fees to the plaintiff would be inappropriate as the case deals with the benefits due and owing an individual not the

Plan or a class of beneficiaries: the lack of a common benefit is a reason to deny fees, not a reason to award them.

*Frosco v. Pyramid Cos. III*, 2 Fed. Appx. 121, 125 (2d. Cir. 2001). A party is not culpable merely because it has

taken a position that did not prevail in litigation. *McPherson v. Employees' Pension Plan of America Re-Insurance*

*Co., Inc.*, 33 F.3d 253-257 (3d Cir. 1994). Accordingly, Provident asserts that attorney fees should not

be awarded in this case.

### B.    The Amount Sought is Unsubstantiated

"It is well-established in this circuit that an attorney 'who applies for court-ordered

compensation . . . must document the application with contemporaneous time records.'" *Walia v.*

*Vivek Purmasir & Assoc.*, 160 F. Supp. 2d 380, 396 (S.D.N.Y. 2000), *quoting New York Ass'n*

*for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d. Cir. 1983) (ellipsis in original).

See also *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987) (the

attorney is required to maintain and provide contemporaneous time records); *Pridgen v.*

*Andresen*, 2000 U.S. Dist. LEXIS at * 23 (D. Conn. Mar. 31, 2000) ("Applications for fee

awards should generally by documented by contemporaneously created time records that specify

for each attorney, the hours expended and the nature of the work done.") Indeed, when moving

for attorney's fees, it is appropriate to submit "*detailed billing records*, affidavits, lists of

attorney billing rates, a resume of plaintiff's lead counsel, and comparison of billing rates for

attorneys in other locales." See Pridgen, 2000 U.S. Dist. LEXIS at * 23(emphasis added).

Courts have reduced fees when they have found the documentation of expenses or the evidence of reasonable fees insufficient. *I.L.G.W.U.*, 2003 U.S. Dist. LEXIS 626 at \*9; *McDonald*, 2002 U.S. Dist. LEXIS 15908 at \*8. In the present case, the <u>only</u> evidence with regard to $61,041.83 worth of fees and bills is a computer print out from East River Energy describing in a summary format the amounts it paid to the Law Offices of Paul H.D. Stoughton from November 30, 2000 to October 30, 2003. See also <u>Affidavit of Paul Stoughton</u>, ¶¶ 5-6. Provident asserts this lone document is insufficient to support a claim for over $60,000 worth of legal fees. See, e.g. *National Assoc. of Concerned Veterans v. Sec'y of Transportation,* 675 F.2d 1319, 1327 (D.C. Cir. 1982), <u>citing</u> *In re Hudson & Manhattan R.R. Co.,* 339 F.2d 114, 115 (2d Cir. 1964)("casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorney's fees.")

In the Second Circuit, the "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir. 1987). The plaintiff has not met this burden.

Provident must have the documentation to evaluate the basis for as well as the amount of the attorney's fees requested. Any documentation that may assist in determining the amount of billable hours or evaluating whether those hours were 'reasonably expended' is relevant to a lodestar calculation and must be produced to Provident. Provident is unable to verify that the client's payment log is accurate, much less engage in a "conscientious and detailed inquiry into

4

the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

For example, in *Connecticut Hospital Association v. O'Neill*, 891 F. Supp. 687 (D. Conn. 1994), Judge Eginton deducted 10% from clearly compensable activities (conferences, phone calls) because the attorneys had not provided details as to the subject matter of these discussions. Id. at 691. In this case it is not only the "details" that are missing; it is the entries themselves. The prejudice to Provident has been compounded by the fact that the East River Energy payment log is so vague (showing just a summary of the bill that was reportedly paid) that it does not, and cannot provide an adequate understanding of counsel's actions.   Where as in this case, a party fails to keep adequate records, courts do not award the full amount requested. *J. v. Bd. of Educ.*, 98 F. Supp. 2d 226 (D. Conn. 2000).  In fact, across-the-board reductions are an appropriate remedy when the party has produced contemporaneous time records that are lacking in the necessary specificity. See, e.g. *Smart SMR v. Zoning Comm'n.*, 9 F. Supp. 2d 143 (D. Conn. 1998) (applying 30% reduction to entire lodestar figure for vague time entries); *Mr. and Mrs. B. v. Weston Bd. of Ed.*, 34 F. Supp. 2d 777 (D. Conn. 1999) (reducing fee award by 30% due to vagueness and inconsistencies in records submitted by plaintiff).

Given that courts have applied 30% reductions where time records were merely insufficiently detailed, a reduction of 50% is appropriate here, where the records are not only vague but there are no contemporaneous time records as plaintiff has admitted to losing them. Because the obligation to maintain contemporaneous time records is so well-established in this circuit, the loss of specific billing information and entries relating to plaintiff's ERISA constructively constitutes spoliation of evidence and should be sanctioned accordingly.  Cf.

5

*Zubulake v. UBS Warburg LLC*, 2004 U.S. Dist. LEXIS 13574 (S.D.N.Y. July 20, 2004) (imposing sanctions for destruction of documentation).   Accordingly, and *assuming arguendo* that the court decides that attorney fees are appropriate, Provident respectfully urges the Court to award no more than 50% of the requested amount (or $30,521) n attorney's fees to the plaintiff.

### C.     Plaintiff is not Entitled to Attorney Fees for Administrative Proceedings or Work Incurred before Initiating Suit.

Plaintiff's lawsuit against Provident was filed in District Court on or about June 14, 2001.  According to the computer print out from East River Energy attached as Exhibit A to Plaintiff's Affidavit (dated December 6, 2005) the following invoices were submitted to East River Energy for payment prior to June 14, 2001.

| Invoice Date | Amount |
|---|---|
| 11/30/00 | $ 1,030.25 |
| 12/20/00 | 825.00 |
| 01/31/01 | 660.00 |
| 03/01/01 | 783.75 |
| 05/31/01 | 1,115.40 |
| **TOTAL:** | **$ 4,414.40** |

Provident asserts that this entire ($4,414.40) amount must be excluded from consideration as ERISA § 502(g)(1) does not authorize this Court to award fees or costs incurred before "initiating suit" – in sum - plaintiff is not entitled to attorney fees for pre-litigation activity as the attorneys' fees provision of ERISA does not allow for attorneys' fees for pre-litigation activity. *Peterson v. Continental Cas. Co.*, 282 F.3d 112,119-20 (2d Cir. 2001) citing to *Anderson v. Proctor & Gamble Co.*, 220 F.3d 449 (6th Cir. 2000); *Cann v. Carpenters' Pension Trust Fund for Northern Calif.*, 989 F.2d 313 (9th Cir. 1993)); see also *Aminoff v. Ally & Gargano Inc.*, 20 Emp. Ben. Cas. (BNA) 2172, 1996 U.S. Dist. LEXIS 17372 (S.D.N.Y. 1996)

(holding that plaintiffs could not recover attorneys' fees incurred in settling a pension fund

dispute where no litigation was ever instituted.  According, fees incurred prior to June 14, 2001

must be excluded from consideration.

**D.    Plaintiff should not be Awarded Fees for Any Work Done on his Breach of Fiduciary Duty Claims**

Plaintiff's June 14, 2001 complaint contained two counts.  In Count One of his complaint,

plaintiff asserted a violation of ERISA on the basis that Provident wrongfully denied his

application for disability benefits under the plan and sought benefits pursuant to the plan.  In

Count Two, plaintiff alleged a breach of fiduciary duty.  On or about August 11, 2003,

Provident filed a motion for summary judgment. On or about March 25, 2004, the court ruled on

Provident's motion and dismissed the second count of the complaint.  Although the plaintiff's

billing practices renders it impossible to entirely allocate counsel's time to the various issues

(especially in terms of the time spent preparing for the motion for summary judgment), Provident

nevertheless asserts that counsel's time up to and including August 29, 2003 (the date he filed his

Memorandum in Opposition to Provident's Motion for Summary Judgment) be disallowed to

some extent to reflect work done on the unsuccessful count.

Given that the most important factor is the degree of success obtained, it is appropriate that

the Court compare what was obtained by the plaintiffs to what was initially sought.  "To make such

a comparison, the Court must evaluate the goals the plaintiffs set in their complaint against the time

reasonably expended in the effort to achieve those goals." *Phillips v. Weeks*, 586 F. Supp. 241, 248

(E.D. Ark. 1984); see also *Rivera v. Dyett*, 762 F. Supp. 1109, 1115 (S.D.N.Y. 1991).  It is not

Provident's burden to articulate what is excludable: it is the plaintiffs' burden to prove their

entitlement to fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Gonzalez v. Stratford*, 830 F. Supp. 111, 114 (D. Conn. 1992). The courts have " ...observed that if `a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.' *Hensley*, supra, at 436." *Farrar,* 503 U.S. at 114.

To compensate for this excess when it is impossible to weed out the work done on unsuccessful claims, the court must reduce the hours by some flat percentage in order to accommodate the distinction between the claims.[1] *Standley v. Chilhowee R-IV School Dist.,* 5 F.3d 319 (8th Cir. 1993)(affirming district court's reduction of attorneys' fees by 70% to account for limited success).

In *Rivera*, the district court could not discern what activities were precisely connected with the plaintiff's one prevailing claim, therefore, it elected to exercise its discretion and reduce the award of allowable fees by 33%. 762 F. Supp. at 1117 & n.5 (noting the interrelationship of the plaintiffs' claims, a situation not present here). In *Standley*, the Eighth Circuit affirmed a 70% reduction as a proper exercise of the district court's discretion where the plaintiffs "spent a considerable amount of time, both pretrial and during the trial, pursuing unsuccessful claims." 5 F.3d at 324.

---

[1]     This flat rate reduction can be done one of two ways: (1) first remove the separable unrelated items and then reduce the remainder by a flat percentage; or (2) omit the first step of separating and simply reduce the entire lodestar by a flat percentage, albeit by one which is higher so as to make up for the inclusion of unrelated items. Clearly, some courts find it easier to apply the second option, in order to avoid having the parties bicker over what is separable and what is not. See *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 925 n.44 (3d Cir. 1985)(*Hensley* authorizes percentage reduction for lack of complete success where it is difficult to exclude time expended in litigating wholly unsuccessful claims).

Once again, due to counsel's missing billing records, neither Provident nor the court can determine the fees incurred for presenting the unsuccessful claim. Accordingly, and given that courts have applied 30% reductions where time records were merely insufficiently detailed, a reduction of 50% is appropriate in this case.

E.     **CONCLUSION**

For all the reasons set forth above, Provident respectfully requests the Court to deny the plaintiff's motion for attorney's fees. If this court should find that attorney fees should be rewarded, then a reduction of at least 50% on fees expended from November 30, 2000 through and including October 30, 2003 is appropriate.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY


By     Helen M. Kemp
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.  (860) 275-8299
E-mail:  hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 19th

day of December, 2005, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT  06103

And a courtesy copy to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT  06103

_Helen M. Kemp_
Helen M. Kemp