FILED

2005 NOV 21 A 11: 22

DISTRICT COURT
HARTFORD, CT.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC. and | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | NOVEMBER 18, 2005 |

3:01CV1331 (AVC) December 20, 2005.

In an action to recover benefits for total disability under a disability insurance plan brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq, the plaintiff, Edward Walker, alleged that the defendants, Provident Companies, Inc., Unumprovident Corporation and Provident Life and Accident Insurance Company (collectively "Provident"), wrongfully denied his application for disability benefits. On November 8, 2005, the court rendered judgment for Walker. Walker has now filed the within motion for reasonable attorney's fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

ERISA provides that "in any action under this subchapter...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Second Circuit has directed district courts to consider five factors when evaluating a request for attorneys' fees and costs under ERISA: (1) The degree of the offending party's culpability or bad faith; (2) The ability of the offending party to satisfy an award of attorney's fees; (3) Whether an award of fees would deter other persons from acting similarly under like circumstances; (4) The relative merits of the parties' positions; and (5) Whether the action conferred a common benefit on a group of pension plan participants. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987). These factors are to be weighed rather than applied as a check list. Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 382 (2d Cir. 2002).

The parties agree that the second factor favors Walker while the fifth factor favors Provident. Arguably, the third factor favors Walker as the imposition of attorney's fees in this case may help dissuade insurers from employing unreasonably demanding evidentiary standards when they evaluate claims. However, the court does not find that Provident's position was wholly without merit or that it clearly acted in bad faith. Therefore, after weighing the five Chambless factors the court concludes that an award of attorney's fees is not merited in this case. The motion is therefore DENIED.

SO ORDERED.

*Alfred V. Covello*

Alfred V. Covello, U.S.D.J.