# MANDATE

NHCT
01-cv-1331
Covello

1     UNITED STATES COURT OF APPEALS
2        FOR THE SECOND CIRCUIT
3
4           **SUMMARY ORDER**
5
6    **THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL**
7    **REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS**
8    **OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS**
9    **OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A**
10   **RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL**
11   **OR RES JUDICATA.**
12
13       At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the
14   Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York,
15   on the 12th day of October, two thousand and six.
16
17   PRESENT:
18
19       HON. GUIDO CALABRESI,
20       HON. ROSEMARY S. POOLER,
21       HON. BARRINGTON D. PARKER, JR.,
22
23                    *Circuit Judges.*
24
26   ───────────────────────────
27   EDWARD WALKER,
28
29       *Plaintiff-Appellee,*
30
31           v.                                    No. 05-6609-cv
32
33   UNUMPROVIDENT CORP., PROVIDENT CO., INC.,
34   and PROVIDENT LIFE AND ACCIDENT INSURANCE
35   COMPANY.
36
37       *Defendants-Appellants.*
38
40   ───────────────────────────
41
42   For Plaintiff-Appellee:          PAUL H. D. STOUGHTON, Conway &
43                                    Stoughton, LLP (Sean M. Nourie and
44                                    Jennifer Katz, *on the brief*), Hartford, Conn.
45

1

A TRUE COPY
Thomas Asreen, Acting Clerk

by _____
        Deputy Clerk

CERTIFIED:
11/9/2006

For Defendants-Appellants:                          LINDA L. MORKAN, Robinson & Cole
                                                    LLP (Helen M. Kemp, *on the brief*),
                                                    Hartford, Conn.

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

---

In June 2001, Plaintiff-Appellee Edward Walker brought suit in the United States District

Court for the District of Connecticut (Covello, *J.*) pursuant to the Employee Retirement Income

Security Act (ERISA), 29 U.S.C. § 1001 et seq., alleging that Unumprovident Corp., Provident

Co., Inc., and Provident Life and Accident Insurance Company (collectively "Defendants" or

"Provident") had wrongfully denied his application for disability benefits. On November 2,

2005, after a four-day bench trial Judge Covello held in favor of Walker, and ordered Provident

to pay Walker benefits plus pre-judgment interest accruing from September 6, 2000 — the date

on which Provident had denied Walker's claim. Provident appeals from the judgment of the

district court. We presume the parties' familiarity with the underlying facts and procedural

history.

On appeal, Provident argues (1) that the district court erred in determining that Walker

was "totally disabled" within the meaning of the insurance plan because he remained capable of

performing at least one of the "substantial and material duties" of his former occupation; (2) that

in order to establish "proof of loss" under the insurance plan, Walker needed to proffer

"objective" medical evidence of his disability, which he failed to do; (3) that, since "subjective"

2

1    evidence is legally insufficient to establish "total disability," and since Walker proffered only

2    subjective evidence, the district court improperly shifted the burden of proof to Provident by

3    requiring them to advance objective evidence *disproving* Walker's disability claim; and (4) that

4    the district court abused its discretion by permitting Walker to introduce evidence outside the

5    administrative record, where there was no "good cause" to do so.

6          Provident's arguments are without merit.  First, Walker established at trial that he is

7    incapable of performing the "substantial and material" duties of *his* former occupation as

8    President of the East River Oil Co.; the fact that Walker remains capable of performing other

9    tasks that are not "substantial and material" to his former occupation does not alter this outcome

10    under the "own occupation" policy that was in place.

11          Second, the insurance plan does not require "objective" medical evidence to establish

12    "proof of loss."  The plan at no point imposes such a requirement expressly, and to the extent that

13    "proof of loss" is ambiguous on this point, it must be interpreted in favor of Walker.  *See Fay v.*

14    *Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002) (noting that when there are "ambiguities in

15    an ERISA plan that [the] [c]ourt is reviewing de novo, those ambiguities are construed in favor

16    of the plan beneficiary.").

17          Third, given our interpretation of the insurance plan as not requiring "objective" medical

18    evidence, Provident's burden-shifting argument is meritless.  The district court merely credited

19    the persuasive evidence Walker presented at trial, and then noted that Provident failed to proffer

20    any competing evidence of its own to undermine Walker's case.

21          Fourth and finally, the district court did not abuse its discretion in finding good cause to

22    admit evidence outside the administrative record.  Provident largely failed to develop an adequate

3

1    record, and therefore the district court acted reasonably in allowing Walker to supplement the

2    record with the highly relevant testimony of Donald Herzog and Dr. James S. Cohen. *See Locher*

3    *v. Unum Life Ins. Co. of America*, 389 F.3d 288, 294 (2d Cir. 2004) (holding that the district

4    court did not abuse its discretion in admitting evidence outside the administrative record where

5    (a) the administrator had a conflict of interest, and (b) there were "procedural problems with the

6    plan administrator's appeals process"). Moreover, Provident conceded in its briefing that "at the

7    time of the decision[,] Provident did not question the *duties* of the plaintiff" but "[r]ather

8    Provident sought specific medical information to justify Walker's claims of cognitive

9    impairment," (emphasis added). Since Provident did choose to raise the issue of Walker's *duties*

10    at trial, it was well within the district court's discretion to admit evidence outside the

11    administrative record that would aid the court in resolving that issue. *See DeFelice v. American*

12    *Intern. Life Assur. Co. of New York*, 112 F.3d 61, 65 (2d Cir. 1997) ("[A]dditional evidence may

13    be considered upon *de novo* review of an issue of plan interpretation . . . ." (citing *Masella v.*

14    *Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 103-05 (2d Cir. 1991))).

15         We have considered all of Kaplan's claims and find them without merit. The judgment of

16    the district court is AFFIRMED.

17

18                    FOR THE COURT:

19                    Roseann B. MacKechnie, Clerk

20                    By: *Richard Alcantara*

21                       Richard Alcantara, Deputy Clerk