UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER : | CIVIL ACTION NO. 3:01CV1331 (AVC) |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PROVIDENT COMPANIES, INC., : | |
| UNUMPROVIDENT CORPORATION and : | |
| PROVIDENT LIFE AND ACCIDENT : | |
| INSURANCE COMPANY : | |
|     Defendants. : | FEBRUARY 15, 2006 |

**DEFENDANTS' MOTION FOR CLARIFICATION**

Defendants Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereinafter, collectively "Provident") seeks clarification from the court with regard to its November 2, 2005 decision awarding the plaintiff prejudgment interest in this case.

**I.    HISTORY OF THE CASE**

The Plaintiff, Edward Walker, commenced suit against the defendants, Provident Companies, Inc., the UnumProvident Corporation and the Provident Life and Accident Insurance Company (hereafter "Provident"), claiming he had been wrongfully denied long-term disability benefits, a violation of the Employee Retirement Income Security Act ("ERISA"). The defendants denied liability and the case went to trial before the District Court. In a decision dated November 2, 2005, the District Court found all issues for the plaintiff and ordered the defendants to pay benefits to Walker in the amount due under the Policy, plus "plus pre-judgment interest at the statutory rate from September 6, 2000."(Copy of Decision attached at Tab A) The

clerk of the court entered judgment on November 7, 2005. The defendants filed their notice of appeal on December 1, 2005 and an appeal to the Second Circuit followed. On or about October 12, 2006, the Second Circuit issued its decision affirming the decision of the District Court.

## II.    STATEMENT OF THE ISSUE FOR CLARIFICATION

In its November 2, 2005 decision, the Court issued the following order:

Therefore, Provident shall pay benefits to Walker in the amount due under the Policy, plus pre-judgment interest at the statutory rate accrued from September 6, 2000, the date Provident denied Walker's claim.

On November 10, 2006, at the conclusion of the appeal, Edward Walker received a check from Provident Life and Accident Insurance Company in the amount of $757,804.06 representing the past benefits due under the Policy plus interest accrued from September 6, 2000. The amount of $757,908.06 included $625,500 in past benefits (from September 6, 2000) and $132,304.06 in interest computed at 6%. (Copy of Provident Determination Attached at Tab B).

On or about January 18, 2007, plaintiff's attorney contacted defendants' attorney concerning the $757,804.06 check. Plaintiff believed the check should have been in the amount of $865,998.51. The plaintiff agreed that the amount of back benefits totaled $625,500 but that the interest totaled $240,498.51 and thus he was owed an additional $108,194.45. (A copy of Plaintiff's determination is at Tab C). The difference concerns the proper measure of interest.

Defendants believes that as this was an ERISA matter the "statutory rate" ordered by the Court referred to the Federal Rules of Civil Procedure Chapter 125 § 1961(a) (which is a rate equal to the weekly average 1-year constant maturity treasury yield for the calendar week preceding the date of judgment) and which sets the rate for post-judgment interest on money judgments in federal courts. Plaintiff believes the court's "statutory rate" is Conn. Gen. Stat. §

37-3a which sets the maximum statutory interest rate for state court civil actions and arbitration proceedings at no more than ten (10) percent per year.

Provident does not dispute that a court an award of prejudgment interest under ERISA falls within the discretion of the district court. *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). Provident does not dispute the date of accrual of prejudgment interest – September 6, 2000 the date Provident denied the claim. *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 223-24 (1st Cir. 1996). Provident only disputes that Conn. Gen. Stat. § 37-3a, the state statutory rate of interest, governs the rate of prejudgment interest in this case.[1]

### III. ARGUMENT

#### A. Although the Court Has the Discretion to Grant Prejudgment Interest in ERISA Cases, Automatic Application of Conn. Gen. Stat. § 37-3a is Preempted By ERISA

ERISA provides for postjudgment interest to be calculated at the federal statutory rate of interest, 28 U.S.C. § 1961(a), but it contains no explicit provision for prejudgment interest.[2] There is no dispute that in a diversity of citizenship case prejudgment interest is governed by state law, and postjudgment interest is governed by federal law. *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D. Conn. 1994) (prejudgment interest governed by state law in diversity case); *Charts v. Nationwide Mutual Insurance Co.*, 397 F. Supp. 2d 357, 386, n.24 (D.

---

[1] The parties attempted to work out their differences on this matter, but were unable to compromise on the issue. Provident acknowledges that plaintiff suggested that the parties simply call the court to inquire what rate the court referred to in its decision. While this was an inviting solution, Provident concluded because of the intricacies of the issue and the amount of interest involved, involved a motion for clarification was the proper vehicle for resolution of the question.

[2] Provident does not believe there is any issue regarding post judgment interest. Provident agrees that plaintiff is entitled to post-judgment interest beginning on the date the Clerk entered judgment (November 7, 2005) at the rate provided by 28 U.S.C. § 1961. *See, e.g. U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003) ("The prevailing party . . . is statutorily entitled to postjudgment interest under 28 U.S.C. § 1961. The district court does not have any discretion to deny or modify the terms upon which the [prevailing party] may receive postjudgment interest under § 1961").

Conn. 2005) (postjudgment interest governed by federal law). However, as a general rule, federal law governs the scope of remedies available when a claim arises under a federal statute, and this doctrine extends to the rate of prejudgment interest. See *Colon Velez v. Puerto Rico Marine Mgmt., Inc.*, 957 F.2d 933, 941 (1st Cir. 1992).

Although the court has the discretion to award the remedy of prejudgment interest, Provident argues that Conn. Gen. Stat. § 37-3a, by itself, is preempted by ERISA. The U.S. Supreme Court has emphasized ERISA's comprehensiveness, as well as the clear text of the ERISA civil remedies provisions, which provided "'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-47, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985)). The Supreme Court has repeated its belief that ERISA's express remedies, as the product of long and careful study and compromise, should remain exclusive. See *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 375-76 (2002).

ERISA's central purpose was to protect the interests of participants and their beneficiaries, by establishing uniform and national standards of responsibility and obligation, and providing ready access to the federal courts to resolve conflicts and disputes in the interpretation and application of ERISA's terms. See 29 U.S.C. § 1001(b). If 50 different states could define the appropriate pre-judgment interest rates in ERISA cases, a shambles would result. For example, could a state assess a different rate if was a contractual claim under a Plan merely negligent versus a breach of fiduciary duty? Would standards for the award of prejudgment interest differ from state to state, and affect employee benefit plans by multiple, confusing standards? Merely to state these questions makes it clear that state prejudgment

4

interest statutes are *per se* preempted when determining the correct rate of interest in an ERISA matter.

ERISA already provides a remedy for an individual to seek prejudgment interest under its civil enforcement scheme. If Walker is to seek prejudgment interest he must do so under ERISA's terms. As noted *infra*, a district court has discretion to award prejudgment interest as an equitable remedy under ERISA. *Jones*, 223 F.3d at 139; *Algie v. RCA Global Communications, Inc.*, 891 F. Supp. 875, 898-99 (S.D.N.Y. 1994). In doing so the court should consider: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) consideration of fairness and relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Id.* Thus, ERISA provides a prejudgment interest remedy under which Walker may seek redress.

Allowing the automatic application of Conn. Gen. Stat. § 37-3a to prejudgment interest would negate the Congressional intent that ERISA is to be the exclusive mechanism through which to provide a remedy for disputes involving covered employee benefits. Therefore, Conn. Gen. Stat. § 37-3a is preempted by ERISA.

### B. Prejudgment Interest is Available Only As Equitable Relief in ERISA Cases and the Federal Rate Serves this Purpose.

It is important to remember that pre-judgment interest in ERISA cases is available only as <u>equitable</u> relief to compensate the beneficiary for the lost time-value of improperly withheld benefits. See, e.g., *Algie*, 891 F. Supp. at 898 (pre-judgment interest is available equitable relief) (citing *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984)), aff'd, 60 F.3d 956 (2d Cir. 1995); *Mendez v. Teachers Ins. & Annunity Ass'n & Ret. Eq. Fund*, 982 F.2d 783, 790 (2d Cir. 1992). As some courts have noted, although prejudgment interest is typically not punitive, an

excessive prejudgment interest rate would overcompensate an ERISA plaintiff, thereby transforming the award of prejudgment interest from equitable relief to a punitive one in contravention of ERISA's remedial goal of simply placing the plaintiff in the position he or she would have occupied but for the defendant's wrongdoing. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998); *Hizer v. General Motors Corp., Allison Gas Turbine Div.*, 888 F. Supp. 1453, 1463 (S.D. Ind. 1995). It is unequivocal that punitive damages are not available in an ERISA action. *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992) (citing, inter alia, *O'Neil v. Gencorp, Inc.*, 764 F. Supp. 833, 835 (S.D.N.Y. 1991)); see also *Schonholz v. Long Island Jewish Medical Ctr.*, 858 F. Supp. 350, 354-55 (E.D.N.Y. 1994) (finding punitive damages unavailable under ERISA and collecting cases).

There are numerous ERISA cases in which federal appellate and district courts have approved use of the federal statutory rate for prejudgment interest. The federal rate serves the purpose for which pre-judgment interest is intended: "to compensate the prevailing party for not having the use of the money awarded as damages ... without punishing defendant." *Reid v. Prudential Ins. Co. of Am.*, 755 F. Supp. 372, 376 (M.D. Fla. 1990). In addition, "utilization of the federal rate promotes uniformity in cases brought under ERISA and discourages forum shopping." *Snow v. Aetna Ins. Co.*, 998 F. Supp. 852, 856 (W.D. Tenn. 1998); (citing *Cottrill*, 100 F.3d at 225). Indeed, "a review of the case law as a whole favors use of the federal rate." *Snow*, 998 F. Supp. at 856 (citing cases from the First, Sixth, Eighth and Ninth Circuits, noting the wisdom of using the federal rate); see also *Nelson v. EG&G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994) (applying the federal rate, and explaining that this rate is appropriate for determining pre-judgment interest unless there is substantial evidence that the

equities of a particular case require a different rate); *Connecticut Gen. Life Ins. Co. of N.Y. v. Cole*, 821 F. Supp. 193, 203 (S.D.N.Y. 1993) (finding, in court's discretion, federal rate to be appropriate for determining pre-judgment interest); *see also Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995); *Blanton v. Anzalone*, 760 F.2d 989, 992-93 (9th Cir. 1985);*Vickers v. Principal Mut. Life Ins. Co.*, 993 F. Supp. 19, 21 (D. Mass. 1998); *United States v. Mason Tenders Dist. Council*, 909 F. Supp. 891, 895 (S.D.N.Y. 1995); *Algie*, 891 F. Supp. at 899 (finding the federal rate appropriate when it more closely approximated the likely return on the funds withheld), aff'd, 60 F.3d 956 (2d Cir. 1995).

Provident does not deny that a court that elects to award prejudgment interest in an ERISA case has broad discretion in choosing a rate. And indeed some courts, have, after careful analysis, have chosen rates of interest different that the federal statutory postjudgment rate. *See, e.g. Allison v. Bank One - Denver*, 289 F.3d 1223 (10th Cir. 2002)(affirming use of Colorado statutory rate of 8% as it did not rise to level of punitive damages); *Gallagher v. Park W. Bank & Trust Co.*, 951 F. Supp. 10, 14 (D. Mass. 1997) (court adopted 12 percent rate of Mass. Gen. L. ch. 231, § 6C.); *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312 (M.D. Fla. 2003)(prejudgment interest should be awarded based upon the average IRS prime underpayment rate for the period 2001 to 2003, or 6.0%, pursuant to 26 U.S.C. § 6621(a)(1). Provident asserts the holding of these cases suggest that if a rate other than the federal statutory rate is used, a district court must explain and articulate its reasons for any decision regarding prejudgment interest which was not done in the case at bar. *See also Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 137 (2d Cir. 2001); *Jones*, 223 F.3d at 140

("The district court here . . . made no findings as to why the [chosen interest] rate would adequately compensate [the plaintiff].

In *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 131 (2d Cir. 2001), the Second Circuit upheld a district court's decision to award prejudgment interest in accordance with 28 U.S.C. § 1961(a). The *N.Y. Marine* court rejected the plaintiff's argument the district court abused its discretion in refusing to grant the rate of return at which plaintiff would have invested the money recovered under an insurance policy. In its decision, the Second Circuit observed that prejudgment interest "generally should be measured by interest on short-term, risk-free obligations." *Id.* at 131 (citation and internal quotation marks omitted).

In *Jones*, which was also an ERISA case, the district court had granted prejudgment interest using the § 1961 postjudgment interest rate stating that it did so because of the closeness of the case, because "it was the most fair and equitable rate available," and because "the evidence [Jones] offered to prove why a higher rate of interest was justified, was unpersuasive." 14 Fed.Appx. 44 (2d Cir. 2001) (quoting district court's decision). On appeal, the Second Circuit affirmed. The court stated:

> Although we do not see that the rate of prejudgment interest should be determined by the closeness of the case, we see no error or abuse of discretion in the court's assessment of the persuasiveness of Jones's evidence to support a higher rate than that set out in § 1961. The record indicates that Jones's original proffers were of a general nature and that she made no attempt on remand to supplement her proof that a higher interest rate was necessary in order to compensate her fully.

*Id.* at 46; *see also Mallon v. Zurich American Insurance*, 2006 U.S. District LEXIS 56482 (D. Conn. 2006)[3] (appropriate to set rate at § 1961 rate because *Mallon* not preferred any evidence

---

[3] Copies of unpublished cases are attached at Tab D.

to support her requested rate of 8%) Applying the teachings of *Jones* and *N.Y. Marine* to the fact that plaintiff did not proffer evidence that a higher interest rate was necessary, Provident believes that it is both appropriate and equitable in this case to set the prejudgment interest rate in accordance with § 1961(a) -- that is, a rate that is measured by interest on short-term, risk-free obligations. A review of Connecticut District Court ERISA cases which granted prejudgment interest as a remedy found no court which awarded interest in accordance with Conn. Gen. Stat. § 37-3a.

### IV.    CONCLUSION

The federal statutory postjudment rate (§1961) is the appropriate rate to use determining the correct prejudgment interest rate in this case.

DEFENDANTS,
PROVIDENT COMPANIES, INC.,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY


By /s/_____
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No. (860) 275-8299
E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically, on this 15th day of February, 2007, to:

> Paul H.D. Stoughton, Esq.
> Conway & Stoughton, LLP
> 201 Ann Street
> Hartford, CT 06103

And a courtesy chambers copy was sent via first class mail to:

> Hon. Alfred V. Covello
> U.S. District Court
> 450 Main Street
> Hartford, CT 06103

/s/
Helen M. Kemp