## TAB C

| Type | Date | Amount | | Interest | Balance | Total |
|---|---|---|---|---|---|---|
| Deposit | 8/6/2003 | 8,340.00 | | 2,810.91 | 11,150.91 | 348,460.34 |
| Deposit | 9/6/2003 | 8,340.00 | | 2,903.84 | 11,243.84 | 359,704.18 |
| Deposit | 10/6/2003 | 8,340.00 | | 2,997.53 | 11,337.53 | 371,041.71 |
| Deposit | 11/6/2003 | 8,340.00 | | 3,092.01 | 11,432.01 | 382,473.72 |
| Deposit | 12/6/2003 | 8,340.00 | | 3,187.28 | 11,527.28 | 394,001.00 |
| 2003 Totals | | 100,080.00 | 0.00 | 32,129.78 | 132,209.78 | |
| Deposit | 1/6/2004 | 8,340.00 | | 3,283.34 | 11,623.34 | 405,624.34 |
| Deposit | 2/6/2004 | 8,340.00 | | 3,380.20 | 11,720.20 | 417,344.54 |
| Deposit | 3/6/2004 | 8,340.00 | | 3,477.87 | 11,817.87 | 429,162.41 |
| Deposit | 4/6/2004 | 8,340.00 | | 3,576.35 | 11,916.35 | 441,078.76 |
| Deposit | 5/6/2004 | 8,340.00 | | 3,675.66 | 12,015.66 | 453,094.42 |
| Deposit | 6/6/2004 | 8,340.00 | | 3,775.79 | 12,115.79 | 465,210.21 |
| Deposit | 7/6/2004 | 8,340.00 | | 3,876.75 | 12,216.75 | 477,426.96 |
| Deposit | 8/6/2004 | 8,340.00 | | 3,978.56 | 12,318.56 | 489,745.52 |
| Deposit | 9/6/2004 | 8,340.00 | | 4,081.21 | 12,421.21 | 502,166.73 |
| Deposit | 10/6/2004 | 8,340.00 | | 4,184.72 | 12,524.72 | 514,691.45 |
| Deposit | 11/6/2004 | 8,340.00 | | 4,289.10 | 12,629.10 | 527,320.55 |
| Deposit | 12/6/2004 | 8,340.00 | | 4,394.34 | 12,734.34 | 540,054.89 |
| 2004 Totals | | 100,080.00 | 0.00 | 45,973.89 | 146,053.89 | |
| Deposit | 1/6/2005 | 8,340.00 | | 4,500.46 | 12,840.46 | 552,895.35 |
| Deposit | 2/6/2005 | 8,340.00 | | 4,607.46 | 12,947.46 | 565,842.81 |
| Deposit | 3/6/2005 | 8,340.00 | | 4,715.36 | 13,055.36 | 578,898.17 |
| Deposit | 4/6/2005 | 8,340.00 | | 4,824.15 | 13,164.15 | 592,062.32 |
| Deposit | 5/6/2005 | 8,340.00 | | 4,933.85 | 13,273.85 | 605,336.17 |
| Deposit | 6/6/2005 | 8,340.00 | | 5,044.47 | 13,384.47 | 618,720.64 |
| Deposit | 7/6/2005 | 8,340.00 | | 5,156.01 | 13,496.01 | 632,216.65 |
| Deposit | 8/6/2005 | 8,340.00 | | 5,268.47 | 13,608.47 | 645,825.12 |
| Deposit | 9/6/2005 | 8,340.00 | | 5,381.88 | 13,721.88 | 659,547.00 |
| Deposit | 10/6/2005 | 8,340.00 | | 5,496.23 | 13,836.23 | 673,383.23 |
| Deposit | 11/6/2005 | 8,340.00 | | 5,611.53 | 13,951.53 | 687,334.76 |
| Deposit | 12/6/2005 | 8,340.00 | | 5,727.79 | 14,067.79 | 701,402.55 |
| 2005 Totals | | 100,080.00 | 0.00 | 61,267.66 | 161,347.66 | |
| Deposit | 1/6/2006 | 8,340.00 | | 5,845.02 | 14,185.02 | 715,587.57 |
| Deposit | 2/6/2006 | 8,340.00 | | 5,963.23 | 14,303.23 | 729,890.80 |
| Deposit | 3/6/2006 | 8,340.00 | | 6,082.42 | 14,422.42 | 744,313.22 |
| Deposit | 4/6/2006 | 8,340.00 | | 6,202.61 | 14,542.61 | 758,855.83 |
| Deposit | 5/6/2006 | 8,340.00 | | 6,323.80 | 14,663.80 | 773,519.63 |
| Deposit | 6/6/2006 | 8,340.00 | | 6,446.00 | 14,786.00 | 788,305.63 |
| Deposit | 7/6/2006 | 8,340.00 | | 6,569.21 | 14,909.21 | 803,214.84 |
| Deposit | 8/6/2006 | 8,340.00 | | 6,693.46 | 15,033.46 | 818,248.30 |
| Deposit | 9/6/2006 | 8,340.00 | | 6,818.74 | 15,158.74 | 833,407.04 |
| Deposit | 10/6/2006 | 8,340.00 | | 6,945.06 | 15,285.06 | 848,692.10 |
| Deposit | 11/6/2006 | 8,340.00 | | 7,072.43 | 15,412.43 | 864,104.53 |
| 1 | 11/14/2006 | | 865,998.51 | 1,893.98 | 864,104.53- | 0.00 |
| 2006 Totals | | 91,740.00 | 865,998.51 | 72,855.96 | 701,402.55- | |
| Grand Totals | | 625,500.00 | 865,998.51 | 240,498.51 | 0.00 | |

Last interest amount increased by 0.05 due to rounding.

# **TAB D**

1 of 1 DOCUMENT

ANN P. MALLON, ADMINISTRATRIX OF THE ESTATE OF MARK J. MALLON, SR., Plaintiff, v. ZURICH AMERICAN INSURANCE CO., Defendant.

Civil No. 3:04cv1267

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2006 U.S. Dist. LEXIS 56482

August 1, 2006, Decided
August 1, 2006, Filed

COUNSEL: [*1] For Ann P. Mallon, Admin of Est of Mark J. Mallon Sr., Plaintiff: Scott D. Camassar, Gordon, Muir & Foley, Hartford, CT.

For Zurich Amer Ins Co, Defendant: Michael J. Kolosky, Theodore J. Tucci, Robinson & Cole, Hartford, CT.

JUDGES: Mark R. Kravitz, United States District Judge.

OPINION BY: Mark R. Kravitz

OPINION:

RULING AND ORDER

Pending before the Court is Plaintiff executrix's Motion for Prejudgment Interest & Attorneys' Fees [doc. # 51]. Having considered the parties' submissions of the parties, the Court denies the request for an award of attorneys' fees but grants her request for prejudgment interest.

I.

ERISA expressly allows a court, in its discretion, to award or deny reasonable attorneys' fees. *See* 29 U.S.C. § 1132(g)(1) (2006). In *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), the Second Circuit set forth the following factors that a district court should consider when deciding whether to award attorneys' fees in an ERISA case: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether [*2] an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Id. at 871*.

Ms. Mallon asks the Court to award her $ 12,298.50 in attorneys' fees and costs on the following grounds: (1) that Defendant's repeated refusal to pay out on decedent's insurance policy was wrongful; (2) that Zurich "could easily satisfy an award of attorneys' fees;" (3) that, while small, an award of attorneys' fees would serve as a specific and general deterrent to "similar future misconduct;" and (4) that "this Court's decision on the proper construction of plan terms is an important one on issues of law that are likely to arise in the future." Mot. for Prejudg. Interest and Att'ys' Fees [doc. # 51] at 3. While always delighted to learn that its decisions are important, the Court disagrees with Ms. Mallon that the *Chambless* factors support an award of attorneys' fees in this case.

First, as the Court stated in its detailed oral ruling on July 9, 2006, this case was by no means a sure win for Ms. Mallon. The Court [*3] considers Zurich's actions, while ultimately in error, far from conduct reflecting "culpability or bad faith." To the contrary, this case arose out of a genuine and good faith disagreement between the parties, and the Court's rejection of Zurich's position should not be viewed as any indication that Zurich acted in bad faith in insisting on a ruling in its favor. Second, although it may be true that Zurich could easily satisfy an award of the amount requested, the Court finds persuasive Zurich's argument that any such award would not deter any undesirable behavior. *See* Defs.' Opp'n to Pl.'s Mot. [doc. # 53] at 4. Third, as stated above, the relative merits of the parties' positions were not so tilted to Ms. Mallon's side to persuade Court to exercise its discretion to penalize Zurich for advancing its claim before the Court. Fourth and finally, Plaintiff brought this suit on behalf of an estate, rather than "to confer a common benefit." *Chambless, 815 F.2d at 871*. Therefore, Ms. Mallon has not satisfied any of the requirements for an award of attorneys fees under ERISA.

## II.

By contrast, the Court believes that an award of prejudgment interest is appropriate. [*4] As with attorneys' fees, the award of prejudgment interest under ERISA falls within the discretion of the district court. *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). However, the policy concerns pertaining to an award of prejudgment interest are significantly different from those governing attorneys' fee awards. For in deciding whether to award prejudgment interest, the Second Circuit has instructed courts to consider the following factors: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Id.* (citation omitted). Therefore, instead of weighing the losing party's bad faith and the need to deter inappropriate conduct, the Court must focus on the equities and ensuring that the prevailing party is adequately compensated for the damages suffered, damages that include the time-value of the money withheld during the course of litigation. In the Court's view, under general principles of equity and the remedial principles [*5] of ERISA, Zurich is not entitled to retain the time-value of the money it improperly (though in good faith) withheld from Ms. Mallon. Therefore, the Court exercises its discretion to award Ms. Mallon prejudgment interest.

Two issues remain -- the date from which interest should accrue and the appropriate interest rate. Since Ms. Mallon's claim against Zurich is more in the nature of a contractual claim than, say, a breach of fiduciary duty, the Court believes that it is appropriate to fix the date of accrual of prejudgement interest as the date at which Ms. Mallon first became entitled to the funds -- that is, the day on which the estate's claim was first denied. *See, e.g., Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan*, 902 F.2d 1069, 1073 (2d Cir. 1990) ("[A] plaintiff's ERISA cause of action accrues . . . when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries.") (internal quotation marks and citations omitted); *Trapani v. Consolidated Edison Employees' Mut. Aid Soc.*, 1989 U.S. Dist. LEXIS 3312, 1989 WL 31671, at *5-6 (S.D.N.Y. Mar. 27, 1989); *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 223-24 (1st Cir. 1996). [*6]

Since there is no federal statute that purports to establish the appropriate rate for prejudgment interest, the Court has "broad discretion" in fixing the appropriate rate. The Second Circuit has instructed that "[s]ince prejudgment interest in an element of the plaintiff's complete compensation, the same considerations that inform the court's decisions whether or not to award interest at all should inform the court's choice of an interest rate." *Jones*, 233 F.3d at 139 (citation, internal quotation, and brackets omitted). In *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 131 (2d Cir. 2001), the Second Circuit upheld a district court's decision to award prejudgment interest in accordance with *28 U.S.C. § 1961(a)*, which sets the rate for post-judgment interest on money judgments in federal courts. The *N.Y. Marine* court rejected the plaintiff's argument that the district court abused its discretion in refusing to grant the rate of return at which plaintiff would have invested the money recovered under an insurance policy, rather than the rate he would earn on United States Treasury Bills, as provided in [*7] *§ 1961(a)*. In the course of its decision, the Second Circuit observed that prejudgment interest "generally should be measured by interest on short-term, risk-free obligations." *Id.* at 131 (citation and internal quotation marks omitted).

In *Jones*, however, the Second Circuit rejected a trial court's bald statement that the federal funds rate was appropriate in a case involving withheld pension benefits that would have obviated the plaintiff's need to borrow funds. *Jones*, 223 F.3d at 139-40. *Jones* held that a court "need not limit the award of prejudgment interest to the rate at which the injured party would have lent money to the government" and may "consider whether the plaintiff would have invested the money at some higher rate." *Id.* at 139. Because there were "no findings as to why the § 1961 rate would adequately compensate" the plaintiff in *Jones*, the Second Circuit held that the trial court had abused its discretion in selecting the *§ 1961* rate and the case was remanded for the district court to "briefly explain its reason for adopting the *§ 1961* rate or any higher rate." *Id.* at 140.

Applying [*8] the teachings of *Jones* and *N.Y. Marine*, the Court believes that it is appropriate in this case to set the prejudgment interest rate in accordance with *§ 1961(a)* -- that is, a rate that is measured by interest on short-term, risk-free obligations. The Court does so for several reasons. For one, the funds at issue in this case consist of compensation for the death of a policyholder. Therefore, it is likely that had those funds been paid to the policyholder's estate, they would have been invested in "short-term, risk-free obligations" before settlement of the estate. *N.Y. Marine*, 266 F.3d at 131. Furthermore, Ms. Mallon has not provided the Court with any evidence of what alternate rate of return the estate's funds have garnered. Finally, she has not proferred any evidence in support of her requested rate of 8%. *See* Mot. for Prejudg. Interest [doc. # 51] at 2-3.

In closing, the Court notes that, as a "prevailing party," Ms. Mallon is also entitled to apply for costs in accordance with *Rule 54(d)(1) of the Federal Rules of Civil Procedure* and *Rule 54(a)* of the *Local Rules for the District of Connecticut*. Local Rule 54(a) further pro-

vides that Plaintiff [*9] "should file with the Clerk and serve on all other parties a verified bill of costs pursuant to *28 U.S.C. §§ 1821, 1920, 1923*, and *1924*, setting forth each item of costs that is claimed" within the applicable time period.

### III.

In conclusion, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Prejudgment Interest & Attorneys' Fees [doc. # 51]. The Court awards Plaintiff prejudgment interest as determined in accordance with *28 U.S.C. § 1961(a)* from the day on which the estate's claim was first denied. In all other respects, Plaintiff's motion is denied.

IT IS SO ORDERED,

/s/ Mark R. Kravitz

United States District Judge

Dated at New Haven, Connecticut: **August 1, 2006**