UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD WALKER | : | CIVIL ACTION NO. |
|    Plaintiff, | : |    3:01CV1331 (AVC) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT COMPANIES, INC. and | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | MARCH 21, 2007 |

**PLAINTIFF'S REPLY TO DEFENDANTS'
MOTION FOR CLARIFICATION**

      The plaintiff hereby replies to the defendant's motion seeking clarification of this Court's decision rendered November 2, 2005, in regard to the award of prejudgment interest. The Court will recall that its Memorandum of Decision included an award of "prejudgment interest at the statutory rate accrued from September 6, 2000…" The defendants assert in their motion that the Court's award of prejudgment interest at the "statutory" interest rate must refer to the post-judgment interest rate set forth in 28 U.S.C. § 1961(a). The plaintiff, on the other hand, assumes the Court knows what it meant by "interest at the statutory rate", and has been at all times ready to accept whatever rate that may be.

      By way of background, this issue arose when the plaintiff discovered that the defendants' payment of past due disability benefits included interest at the rate of 6%. The plaintiff had assumed that prejudgment interest would accrue at the 10% statutory rate

1

established by Connecticut General Statutes § 37-3a. In this case, the discrepancy in the interest rates when applied to the disability benefits due the plaintiff amounts to nearly $100,000 of interest. When this discrepancy came to light, the undersigned contacted defendants' counsel and proposed that counsel simply ask the Court what it meant by "statutory rate", a fact which the defendants acknowledge in footnote 1 of their Motion for Clarification. The defendants rejected this suggestion.

The plaintiff is somewhat abashed to submit a brief to the Court to clarify the meaning of its own Memorandum of Decision. The plaintiff feels compelled to respond to the defendants, however, by pointing out that _if_ the trial court meant to refer to the prejudgment interest rate found in C.G.S. § 37-3a, as the plaintiff assumed, the court was free to do so. As set forth more fully below, the trial court has broad discretion to set the prejudgment interest rate, and its decision will not be set aside absent an abuse of that discretion.

Since there is no federal statutory rate for prejudgment interest, the federal Court has discretion to award the rate prescribed for prejudgment interest under Connecticut law. The defendants acknowledges in their motion that the Court's decision to award prejudgment interest is at its discretion and that the Court has "broad discretion" in choosing the rate. (Defendants' motion at 7.) In a seemingly contradictory argument, the defendants contend that the Court's "broad discretion" does not include the power look to state law for guidance in determining the appropriate interest rate that would compensate the wronged party fully. The argument is unreasonable and unsupported by law.

2

The interest rate that the district court chooses is subject to the abuse of discretion review on appeal. E.g., Katsaros v. Cody, 744 F.2d 270, 281 (2d Cir. 1984). The district court need only "briefly" explain its reasoning for the interest rate that it adopts, whether it is the postjudgment rate or a higher rate. Jones, 223 F.3d at 140. The trial court will be within its discretion where the chosen rates is "fair, equitable and necessary to compensate the wronged party full," but not does result in a windfall. Id. at 139 (quoting Mendez v. Teachers Insurance & Annuity Ass'n, 982 F.2d 783, 790 (2d Cir. 1992); Algie v. RCA Global Communications, Inc., 891 F. Supp. 875, 899 (S.D.N.Y. 1994).

The same considerations that lead this Court to award the plaintiff prejudgment interest also "inform the court's choice of interest rate." Jones v. Unum Life Insurance Company of America, 223 F.3d 130, 139 (2000). The Second Circuit explained that the propriety of looking towards the federal postjudgment statute for guidance "will depend on the circumstances of the individual case, and the court need not limit the award of prejudgment interest to the rate at which the plaintiff would have lent money to the government." Id. at 139-140 (Stating examples of factors to consider for determining the appropriate rate including whether the plaintiff would have invested the money at some higher rate or the rate of interest at which the defendant would have had to borrow the money it withheld from the plaintiff.) The Court noted that for an action seeking wrongfully withheld disability payments, "[i]t would be well within the discretion of the district court to take into account the interest rate such a plaintiff would have paid to borrow money rather than the rate at which she would have lent it to the government." Id. at 140.

3

Moreover, several Circuit Courts of Appeal have found it within the trial court's discretion to apply the prejudgment interest rate of the forum state. E.g., Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017, 1031 (4th Cir. 1993); Smith v. American International Life Assurance Company of New York, 50 F.3d 956, 958 (11th Cir. 1995); Colon Velez v. Puerto Rico Marine Management, Inc., 957 F.2d 933, 941 (1st 1992); see also Gruber v. Unum Life Insurance Company of America, 195 F. Supp. 2d 711, 719 (D. Md. 2002); S. Van Hoove v. Mid-America Building Maintenance, Inc., 841 F. Supp. 1523, 1536-1537 (1993); Radford Trust v. First Unum Life Insurance Company of America, 321 F. Supp. 2d 226, 257-258 (D. Mass. 2004), abrogated on other grounds by Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 517 n. 8 (1st Cir. 2005).

For example, in Smith v. American International Life Assurance Company of New York, 50 F.3d 956 (11th Cir. 1995), the Appellate Court noted that the a district court can look to state interest rates to fill a gap in ERISA law, and found no abuse of discretion in the trial court's application of a 12% interest rate under Georgia law. Also, in Nightengale v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476 (11th Cir. 1995), there was no abuse of discretion found in the trial court's award of prejudgment interest under Alabama law at the rate of 18% per annum.

Similarly, district courts in the Second Circuit have also looked to state law for guidance. See Sheehan v. Metropolitan Life Insurance Company, 2005 WL 1020874 (S.D.N.Y. April 29, 2005); Cf. Cruz v. Local Union Number 3 of the International Brotherhood of Electrical Workers, 1995 WL 374401, *4 (E.D.N.Y. Feb. 17, 1995) (where action on federal

Labor Management Relations Act was silent as to prejudgment interest, district court looked to state law).

In addition, because the appropriate prejudgment interest rate is dependent upon the circumstances of each case and is guided by the rules of equity, defendants' assertion that the rate of prejudgment interest must remain consistent throughout the nation simply does not make sense. There is ample case law demonstrating that trial courts are free to consider various factors in determining what is appropriate to make a wronged party whole, as long as the award does not amount to punitive damages. As there is no federal statute, ERISA or otherwise, that purports to control the rate of prejudgment interest, Jones, 223 F.3d at 139, the appropriate rate is clearly left up to the Court's discretion. As such, state law that defines a prejudgment interest rate cannot be said to conflict with or be preempted by ERISA when it is used as a gap-filler for the absence of similar language in ERISA.

Accordingly, the Court would have been well within its discretion if it found that the application of the Connecticut "statutory" prejudgment interest rate of 10% was necessary to make the plaintiff whole for the years that he was wrongfully deprived of his benefits.

        PLAINTIFF,
        Edward Walker


BY   /s/ Paul H. D. Stoughton

    Paul H.D. Stoughton
    Fed. Bar No. ct01513
    Conway & Stoughton, LLP
    818 Farmington Avenue
    West Hartford, CT 06119
    (860) 523-8000
    (860) 523-8002 (fax)

**CERTIFICATION**

I hereby a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Helen M. Kemp, Esq.
Robinson & Cole LLP
One Commercial Plaza
Hartford, CT 06103

*Courtesy hardcopy to:*

Alfred V. Covello
US District Court
450 Main Street
Hartford, CT 06103

　　　　　　　　　　　　/s/ Paul H. D. Stoughton
　　　　　　　　　　　　Paul H.D. Stoughton