UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WALKER<br>Plaintiff, | CIVIL ACTION NO. 3:01CV1331 (AVC) |
| v. | |
| PROVIDENT COMPANIES, INC.,<br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>Defendants. | FEBRUARY 15, 2006 |

## DEFENDANTS' MOTION FOR CLARIFICATION

3:01CV1331(AVC) April 23, 2007. This is an action for damages. It is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq. The plaintiff, Edward Walker, alleges that the defendant, Provident Companies, Inc. ("Provident"), denied him long term disability benefits, in violation of federal law.

On November 2, 2005, after a bench trial, the court rendered judgment for Walker, and ordered that Provident pay Walker damages, as well as "pre-judgment interest at the statutory rate accrued from September 6, 2000 . . . ."

Provident now moves for the court to clarify whether "statutory rate" refers to the rate set forth in 28 U.S.C. § 1961(a) (establishing the rate of post-judgment interest in federal court), or in Conn. Gen. Stat. § 37-3a (establishing a maximum post-judgment interest rate in state court). In this case, the federal statutory rate is six percent, while the state rate is ten percent. Both parties acknowledge that ERISA does not address this issue, and concede that the decisions to award pre-judgment interest and to set an applicable rate fall within the discretion of the district court.

When awarding pre-judgment interest in an ERISA action, the court must consider: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000).

Having weighed these factors, court awarded Walker pre-judgment interest, intending to apply the rate set forth in 28 U.S.C. § 1961(a). Having considered those facts set forth in its memorandum of decision, the court deemed such an award to be "fair, equitable and necessary to compensate the wronged party fully." Mendez v. Teachers Insurance & Annuity Ass'n, 982 F.2d 783, 790 (2d Cir. 1992) (citation omitted).

Accordingly, the motion for clarification (document no. 90) is GRANTED. The court now specifies that Provident shall pay Walker pre-judgment interest at six percent, as set forth in 28 U.S.C. § 1961(a).
SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.